### No. 2120.—Silvernagle & Co. v. Mrs. J. Ann Fluker.

A general denial and plea to the merits admits the capacity of plaintiff.
Where plaintiff claims in a representative capacity created by law, such as curator or executor, the want of authority must be specially pleaded in limine litis, in order to put the party on the proof of his capacity.
A verbal promise to pay a promissory note will interrupt prescription.

APPEAL from Fifth District Court, Parish of East Feliciana. Posey, J. Kernan & Lyons, for plaintiffs and appellees. Race, Foster & E. T. Merrick and Cross & Hardee, for defendant and appellant.

WYLY, J.    This suit is based upon the following note, to wit:

"$1636 50.                        "BASTROP, LA., August 9, 1861.

"On the first day of January next, 1862, I promise to pay Silverna-gle & Co. or bearer, sixteen hundred and thirty-six and fifty one-hundredths dollars, for value received, with eight per cent. interest from the first day of January last until paid.

(Signed)                              "J. ANN FLUKER.
                                      "per B. K. FLUKER."

The petition recites that Benjamin Silvernagle and Edward Starsney, who appear as plaintiffs, are the surviving members of the late commercial firm of Silvernagle & Co., composed of themselves and Wolf Silvernagle, deceased; the widow of Wolf Silvernagle, Mrs. Teresa Silvernagle, also appears as plaintiff in her capacity of tutrix of Albert Silvernagle, minor heir and sole heir of Wolf Silvernagle, deceased. They claim to represent the late firm of Silvernagle & Co., and ask for judgment on the note.

The defendant pleaded the general denial; specially denied "that the plaintiff is administrator, or that the heirship exists, as stated in the petition." She admitted that her son, B. K. Fluker, resided on her plantation, and acted as manager in all matters appertaining to the same; that he was authorized to order supplies for the plantation, to pay taxes, overseer's wages, and other incidental expenses, and to draw orders on her merchant for the same, but that he had no authority beyond this to bind her by making notes in her name. She admitted that since the death of her son, B. K. Fluker, she has paid such orders, drafts, etc., executed by him within the scope of his authority. She specially denied that she was in any manner indebted to plaintiffs at the time the note sued on was executed. She subsequently amended her answer, and pleaded the prescription of five years in bar of plaintiffs' action.

There was judgment in favor of plaintiffs, and the defendant has appealed.

The evidence is sufficient to satisfy us that the note was signed with Mrs. Fluker's authority, or at least she ratified the act of her agent, B. K. Fluker, and promised to pay the note sued on.

The defendant seems to abandon this point, it not being urged in the brief.

The defense, as presented in the brief, is first a denial of plaintiffs' representative capacity; second, the plea of prescription of five years.

*First*—The defendant contends that the plaintiff cannot recover without proof of the representative capacity asserted in the petition when that fact is specially set at issue. This raises the question, are there proper plaintiffs to this suit? The note is in favor of Silvernagle & Co. Are all the partners of that firm made party plaintiffs herein? We think so. The two surviving partners appear as plaintiffs, and

they join with them the widow of the deceased partner, Wolf Silvernagle, who appears as tutrix and legal representative of his succession. It is true no letters of tutorship or other evidence of her fiduciary capacity was adduced; but the defendant failed to put her capacity at issue by dilatory exception before the joinder of issue. 12 L. 618.

The capacity of Mrs. Silvernagle was virtually admitted by defendant's general denial and pleading to the merits. 19 L. 404. In the case of Parker et al., executors v. Moore et al., 2 A. 1017, this court said "the rule is well settled that when the plaintiff claims in a representative capacity created by law, such as curator or executor, the want of authority to maintain the action must be specially pleaded in *limine litis*, in order to put the party on the proof of his capacity. The answer of the defendants was an admission of the capacity of the plaintiffs which precluded them from contesting it at any subsequent stage of the cause." We have, then, the two surviving partners as plaintiffs, and also the widow representing the succession of the deceased partner in her capacity of tutrix. We think this complies with the law which requires, "when the obligation is in favor of a firm, that all the partners must join in the action to enforce its performance." 4 A. 179; 3 L. 357; 7 L. 196.

The surviving partners had the right to institute this suit by joining with them Mrs. Silvernagle, the tutrix and legal representative of the deceased partner. 9 R. 150.

In the case of Cutler v. Cochran, 13 L. 485, this court said: "On the dissolution of a partnership by the death of a partner, the survivor cannot sue without joining the representatives of the deceased one."

We do not think there is want of proper plaintiffs to this suit, because there is no proof in the record to sustain the averment that Benjamin Silvernagle and Edward Starsney, the two surviving partners, are the duly appointed liquidators of the partnership effects. If they had sued alone without joining the legal representative of the deceased partner, they would have been compelled to establish their authority to sue on the note. Proof of that allegation is quite immaterial where the surviving partners and the representative of the deceased partner have joined in the suit. 9 R. 150.

*Second*—The plea of prescription is not well taken. There is sufficient evidence in the record to satisfy us that prescription was interrupted before five years had elapsed from the maturity of the note.

The witness Brigham testifies that he called to see the defendant in relation to this claim; "that she recognized the note as just and owing by her, and also recognized the authority of B. K. Fluker to contract the debt." He also states that "she said she could not pay it then, and asked that we would give her all the indulgence in our power, promising to pay the same as soon as she could. This was some time during the year 1866."     *     *     *     *     *     *     *     *

The testimony of this witness is clear and unambiguous. The defendant recognized the note and promised to pay it, before the prescription of five years accrued.

It is therefore ordered that the judgment appealed from be affirmed with costs.

Rehearing refused. `