## No. 5179.

### John E. Crone vs. the Citizens' Bank of Louisiana et al.

The judge a quo did not err in admitting parol evidence to prove that prescription had been interrupted as to a mortgage note drawn by plaintiff in injunction, and the bill of exception was not well taken.

After prescription has acquired, that is, after a note has become barred by prescription of five years, parol evidence of a promise to pay it will not be admitted, because of the requirements of the article 1853. The promise to pay before the bar of prescription had obtained, interrupted the current of prescription, and this promise can be proved by parol evidence.

APPEAL from the Superior District Court, parish of Orleans. *Haw-kins, J. E. D. Craig*, for plaintiff and appellant. *B. F. Jonas*, for defendant and appellee.

WYLY, J. Plaintiff appeals from the judgment dissolving the injunction sued out by him to restrain the executory process obtained by the Citizens' Bank on his mortgage note.

The ground for injunction was that said note was barred by the prescription of five years. At the trial, defendants proved by two disinterested witnesses and other corroborative evidence that prescription had been interrupted.

The judge did not err in admitting parol evidence to prove that prescription had been interrupted, and the bill of exceptions was not well taken. After prescription has acquired, that is, after a note has become

barred by prescription of five years, parol evidence of a promise to pay it will not be admitted, because of the requirement of the act of 1858.. The promise to pay before the bar of prescription had obtained interrupted the current of prescription, and this promise can be proved by parol evidence.

Judgment affirmed.