No. 6951.

WM. H. BOULLT vs. JEROME SARPY ET AL.

The signer of a promissory note which reads that "we promise in solido," etc., will be held bound as a solidary debtor on such note, unless he proves that he has been legally released from his obligation.

A verbal acknowledgment of, and promise to pay a promissory note, made by one of its solidary makers before its prescription, will interrupt prescription as to all of the makers.

APPEAL from Seventeenth Judicial District Court, parish of Natchitoches. Pierson, J.

W. H. Jack for plaintiff and appellant.

Wm. M. Levy and Chaplin, Cunningham & Chaplin for defendant and appellee.

The opinion of the court was delivered by

DEBLANC, J.   On the 4th of December, 1869, a lot of ground and the improvements thereon belonging to the succession of Mrs. Desirée Hertzog, were adjudicated to William H. Boullt for $1610, payable one half cash, the balance in twelve months from the date of the sale. For that balance, the adjudicatee furnished his note to the order of the defendants, as syndics of the creditors of the aforesaid succession. That note is signed by Wm. H. & D. H. Boullt in solido, and its payment secured by the vendor's mortgage and privilege.

On the 11th of October, 1877, the syndics obtained an order from

the judge of the 17th District, commanding the seizure and the sale of the property subject to the vendor's mortgage and privilege, to satisfy the balance due on the price of said property. The execution of that order was enjoined by Wm. H. Boullt, on the ground that the note on which it is based was extinguished by the prescription of four years.

Defendant's answer to the injunction is that the prescription invoked was interrupted by repeated acknowledgments of the said Wm. H. & D. H. Boullt. On this issue, the case was tried, the parties' evidence heard and plaintiff's injunction dissolved. He appealed from the decree of the district court, and contends that the evidence adduced to establish the interruption of prescription is inconclusive.

Wm. M. Levy, defendant's attorney, testified that, " between the 1st of November 1872, and the commencement of 1873, he had a conversation with D. H. Boullt, who was then the tax collector for the parish of Natchitoches, and that—during the conversation referred to—said Boullt told him he would pay the note after his settlement with the State. That Wm. H. Boullt came to his house to see him in regard to an adjustment of the individual accounts between him—the said Levy—and D. H. Boullt, and stated that he and his father desired him to assume, in the settlement to be had between them, the payment of said note, which they acknowledged to be due. The note was not shown to D. H. & Wm. H. Boullt, but its amount and character were fully stated and discussed, and they knew what note the witness referred to, as he never held but one note from them."

Wm. H. Boullt was sworn in his own behalf and positively denied that he was ever spoken to by Col. Levy, or that he ever spoke to him in regard to said note, except within two or three months from the trial of this case. As to D. H. Boullt, he did not remember having had any particular conversation with Col. Levy respecting that note—and was very positive that he did not acknowledge or promise to pay it, after its maturity.

Plaintiff's counsel seems to doubt that D. H. Boullt can—in a legal sense—be considered a solidary obligor. That doubt ought to have been dispelled by the form and terms of the obligation: " Twelve months after date, we promise to pay *in solido* to the order of the syndics, etc." But—says plaintiff's counsel—no surety was required by the terms of the sale, and he signed the note inadvisedly.

He does not pretend that he was induced to sign the note through error, fraud, violence or threats—but informed, as he must have been, by the advertisement of the sale, and the auctioneer's proclamation of its conditions, that no security was required, he—nevertheless—signed the note as such, and as signatures to an obligation are not mere ornaments, he can not justly expect to be relieved from the effects of his

own act, on the ground "that he does not know now why he signed that note."

When he acknowledged and promised to pay the note, his acknowledgment and promise did interrupt the prescription both as to him and as to William H. Boullt, even admitting that the latter's proposition to Col. Levy does not amount to and constitute an acknowledgment.

To defeat the effects of those acknowledgments, plaintiff relies on the opinions of this court reported in the 9th and 11th A., and delivered—the first, in the case of Lackey vs. Macmurdo, the other in the case of Pearson & Hume vs. John F. Harper, executor, etc. In the first, the court said: "As, therefore, the alleged interruption practically affects the rights and obligations of the parties to a contract, it is reasonable to require, then, the proof of an assent to such a change on the part of the debtor, should be clear and unequivocal. It is not indeed necessary that the assent should be express; it may be inferred; but the circumstances should be such as to justify a reasonable presumption that the debtor was willing so to change his position for the creditor's benefit.

9th A. 15.

In the case of Pearson & Hume vs. John F. Harper, executor, the evidence was that, when the prescription had already accrued, an offer was made by the debtor to the creditor, to give him in payment on discharge of his claims, a tract of land, provided the creditor would give him one hundred dollars to boot. This offer was declined, and the court properly decided that there had been no interruption of the prescription—much less did that conditional and rejected offer amount to a renunciation to the previously acquired prescription.

11 A. 184.

In this case and according to the sworn declaration of Col. Levy, there were really two acknowledgments of, and one promise to pay the note sued upon, and those acknowledgments and that promise were made before prescription had accrued. That they did interrupt the prescription, and that such an interruption can be established by parol evidence, there is no longer any doubt, either under the law or the jurisprudence.

Act of 1858, sec. 4; R. C. C. 2278, No. 4; 21 A. 179—190—748. 28 A. 449—607.

The testimony is conflicting, but the district judge, who saw, heard, and—it may be—knew the witnesses, concluded that the invoked prescription was interrupted, and—considering how said witnesses' interest might be affected by the result of this litigation, we believe and conclude as did the district judge.

It is therefore ordered, adjudged and decreed that the judgment appealed from is affirmed with costs.