No. 2362
Second Circuit Appeal

## G. W. SENTELL v. JOHN D. WOODS

(June 6, 1925, Opinion and Decree)

*(Syllabus by the Editor.)*

1. **Louisiana Digest—Prescription—Par. 65, 169, 222.**
The verbal acknowledgment of a debt and a promise to pay the same interrupted prescription on a promissory note and the interruption may be proved by parol evidence.

2. **Louisiana Digest—Appeal—Par. 625.**
The finding of the trial court on matters of fact being clearly correct is affirmed.

Appeal from the Fourteenth Judicial District Court of Louisiana, Parish of Avoyelles, Hon. L. P. Gremillion, Judge.

This is a suit on two promissory notes. There was a plea of prescription filed by defendant which was tried with the merits of the case.

There was judgment for plaintiff, defendant appealed.

Judgment affirmed.

Albert Cox, J. W. Joffrion, of Marksville, attorneys for plaintiff, appellant.

N. I. Normand, of Marksville, attorney for defendant, appellee.

ODOM, J. This is a suit on two promissory notes, one for $594.09 and the other for $154.30, both dated June 6, 1919, and both made due and payable on November 1, 1919, both executed and signed by defendant, J. W. Woods, and made payable to plaintiff, G. W. Sentell.
more than five years after the maturity

The suit was filed on December 5, 1924, of the notes.

It is alleged in plaintiff's petition that the maker of the notes had frequently acknowledged his indebtedness and promised to pay the same prior to November 1, 1924.

The only defense is that the action is barred by the prescription of five years.

The plea of prescription was tried with the merits of the case and judgment was rendered in favor of the plaintiff for the full amount sued for and the defendant has appealed.

### OPINION

The notes sued on are both prescribed on their face. They fell due on November 1, 1919, and this suit was not filed until December 5, 1924, more than five years thereafter.

But the plaintiff alleges that the debtor verbally acknowledged and promised to pay the debt prior to November 1, 1924, the end of the prescriptive period, and it is his contention that prescription was interrupted by the verbal acknowledgment of the debt and promise to pay the same before prescription had accrued.

Counsel for defendant concedes that if the defendant acknowledged the debt and promised to pay it prior to the end of the prescriptive period, such verbal acknowledgment interrupted prescription, for in his brief he says:

"At the very outset of argument we wish to inform your Honorable Court we are not disagreeing with the learned judge of the lower court and the plaintiff insofar as the law applicable to interruption of prescription by an acknowledgment of the debt made before prescription has accrued."

* * *

"This appeal is taken not for the purpose of reviewing the law applicable to the case but to review the facts to ascertain whether or not the District Judge placed a correct interpretation on these facts as they appear in the note of evidence in reaching a conclusion of law."

Our brother of the District Bench wrote a most able opinion on both the law and the facts in this case. He held that a verbal acknowledgment of a debt and a

promise to pay the same interrupted prescription and that the interruption may be proved by parol evidence.

In this view of the law we concur. See:

Silvernagle vs. Fluker, 21 La. Ann. 188.

Utz vs. Peck, 34 La. Ann. 752.

Saunders vs. Carroll, 14 La. Ann. 27.

Bernstein vs. Ricks, 21 La. Ann. 179.

Croue vs. Citizens Bank, 28 La. Ann. 449.

William H. Boultt vs. Jerome Sarpy, 30 La. Ann. 494.

Block vs. Papania, 121 La. 683, 46 South. 694.

On the question of fact, that is, as to whether there was a verbal acknowledgment of the debt, the District Judge says in his written opinion:

"In this case we have the positive and direct testimony of the plaintiff that defendant acknowledged the debt before prescription set in and promised to pay as soon as he was able. This is sustained by the testimony of Mr. Easley. Mr. Woods was present in court, heard the testimony, had the opportunity to deny or contradict same, yet he did not take the stand. There being a preponderance of uncontradicted testimony in favor of plaintiff, hence, in view of these facts, the court must render judgment sustaining the position of plaintiff that there was an interruption of prescription under the law."

We have carefully read the testimony and heartily concur with him in his findings.

Counsel for defendant filed a supplemental brief in which he calls our attention to the fact that the District Judge in his opinion quoted and commented on plaintiff's testimony given on his examination in chief but made no reference to his testimony given on cross-examination.

There was written on the back of each of the notes sued on the following:

"December 3rd, 1924. I hereby acknowledge this note to be past due and unpaid and promise to pay same with interest."

This statement is not signed by the defendant.

Plaintiff, on cross-examination, said he wrote the above on the notes and on being asked why he did so he said:

"I thought possibly he would not care to renew the notes and include the interest in the new notes. Therefore I wrote this merely to take it out of prescription."

Counsel for defendant construes that to be an admission by plaintiff that the debt had prescribed. It is certain that the plaintiff knew that the notes were prescribed on their face, but we do not understand that he intended at any time to waive his right to claim the benefit of the interruption of the prescription on account of defendant's verbal acknowledgment of the debt prior to the end of the prescription period.

But even if it be granted that plaintiff did think this action was barred, his thinking so cannot affect his right to recover.

The testimony shows that prescription was interrupted; the debt had therefore not prescribed when suit was filed and the defendant cited.

The testimony makes it perfectly clear, we think, that the defendant had repeatedly acknowledged the debt and promised to pay the same prior to November 1, 1924. The plaintiff's testimony on that point is positive, and it is corroborated by that of Mr. Easley.

The District Judge in his written opinion says that the defendant was in court and heard plaintiff's statement to that effect and did not take the stand and deny it.

We think the case is fully made out, and for the reasons assigned the judgment of the District Court is affirmed with costs.