### SCHILKEFFSKEY v. RING
### and
### RING v. SCHILKEFFSKEY (Consolidated)

---

(April 23, 1928.  Opinion and Decree.)
(May 21, 1928.  Rehearing Refused.)
(July 2, 1928.  Writ of Certiorari and Review Denied by Supreme Court.)

---

(*Syllabus by the Editor.*)

1.  Louisiana Digest—Evidence—Par. 140, 148, 158, 161.
Parol testimony is admissible to prove an obligation of a dead man under the provisions of Act 207 of 1906 when the suit was instituted nine months before his demise.

Appeal from Civil District Court, Division "B."  Hon. Mark M. Boatner, Judge.

Action by Joseph Schilkeffskey against John B. Ring and John B. Ring against Joseph Schilkeffskey. Cases consolidated.

There was judgment for Ring and Schilkeffskey appealed.

Judgment reversed and cause remanded.

H. W. Robinson, of New Orleans, attorney for Jos. Schilkeffskey, appellant.

F. Rivers Richardson, of New Orleans, attorney for W. W. Wright, appellee.

WESTERFIELD, J. The question presented by this appeal involves the character of evidence necessary to prove the interruption of prescription as against a dead man.

Upon the trial of the case plaintiff offered in evidence certain endorsements on the reverse of the promissory note sued on, which, admittedly were not in the handwriting of the deceased maker, in an effort to show interruption of prescription of partial payments. Upon objection the evidence was excluded and the exception of prescription maintained. Plaintiff has appealed.

As previously stated, the basis of this suit is a promissory note. The note is dated July 31, 1912, and is payable one year after date. Suit was filed May 5, 1920, long after the prescription period of five years had run. The endorsements on the note, which plaintiff vainly tried to introduce in evidence, are dated October 31, 1914, July 31, 1915, July 31, 1916 and April 11, 1917, respectively.

If this evidence were to be admitted, and its effect should establish an acknowledgment by defendant, it is obvious that prescription would have been interrupted. It is admitted that none of the endorsements were in defendant's handwriting, but insisted that under the provisions of Act 207 of 906, the evidence should have been admitted. This act reads:

"That from and after the promulgation of this Act, parol evidence shall be incompetent to prove any debt or liability upon the part of a party deceased, except it consist of the testimony of at least one credible witness of good moral character besides the plaintiff; or except it be to corroborate a written acknowledgment or promise to pay signed by the debtor; or unless an action upon the asserted indebtedness shall have been brought within a delay of twelve months after the decease of the debtor."

The act was amended by Act 11 of 1926, but the amendment is without application here.

In the present suit Ring died during the litigation, nine months after suit was filed, and his succession representative carried on the lengthy litigation which followed.

The suit having been filed nine months before Ring's death, it is argued that it was within one year after his demise as mentioned in the Act of 1906, and in consequence parol evidence was admissible.

It will be observed that the evidence offered was not parol but written and the sole objection to it was that parol testimony was not admissible. It appears, however, that witnesses were tendered, whose evidence might establish an acknowledgment of the debt, and we believe that under the statute referred to the evidence should have been admitted. Hava vs. Cafiero, 157 La. 1009, 103 So. 294. See also Bank vs. Girod, 31 La. Ann. 592; Boullt vs. Sanpy, 30 La. Ann. 496.

For the reasons assigned the judgment appealed from is reversed and it is now ordered that this cause be remanded for further proceedings consistent with the views expressed.