**No. 3671**

**Second Circuit**

**(Second Division)**

**GEORGE T. BISHOP, INC., v. JONES**

(July 16, 1931. Opinion and Decree.)

Dimick & Hamilton, of Shreveport, attorneys for plaintiff, appellant.

Foster, Hall, Barrett & Smith, of Shreveport, attorneys for defendant, appellee.

STEPHENS, J. The plaintiff sold an automobile to the defendant who executed his note in part payment thereof. A short time thereafter the defendant transferred the automobile to one R. B. Leavell, with the agreement with the plaintiff and Leavell that the latter would assume the note. Pursuant to said agreement Leavell indorsed the note under a printed form on the back of it which bound "each and all of the indorsers herein," jointly and severally to guarantee the payment, etc.

Some time after the purchase of the automobile from the defendant by Leavell, the holder and pledgee of the note, the Motor Finance Company learned that it had been wrecked in Texas, where Leavell resided. As the note was secured by a chattel mortgage on the automobile, the finance company sent S. Winkler, their representative, to Texas to see Leavell, and incidentally the wrecked car. Negotiations between the two resulted in an acceptance by the finance company of $50 and the automobile in settlement of the note. The evidence of the agreement is in writing and reads as follows:

"This is to certify that I have received $50.00 and one Dodge roadster in settlement of the note of R. B. Leavell, which is held by the Motor Finance Company.
"(Signed) Motor Finance Co.,
"S. Winkler."

The plaintiff instituted this suit against the defendant to recover $284.30, the balance due on the note.

The defendant answered admitting the execution of the note, but averring that he was released from the obligation by the release of his co-debtor, in solido, Leavell.

Judgment was rendered in favor of the defendant rejecting the demands of plaintiff, and the plaintiff appeals.

In solido is defined in Black's Law Dictionary (2d Ed.) page 608, as follows:

"In the civil law, for the whole; as a whole, an obligation in solido is one where each of the several obligors is liable for the whole; that is, it is joint and several."

Clearly, therefore, if Leavell expressly agreed by the terms of the indorsement to bind himself jointly and severally, he became solidarily liable with the defendant, the maker of the note. That it was the intention of the parties that Leavell would be liable for the whole of the obligation as

represented by the note must be conceded. He received the° title to the automobile, and assumed the note which evidenced a portion of purchase price. If he bought the automobile he must have intended to bind himself for the price.

As Leavell and the defendant were bound in solido to pay the note, the release of the one operated as a release of the other. J. I. Case Threshing Machine Co. v. Bridger, 133 La. 754, 63 So. 319; Fridge v. Caruthers, 156 La. 746, 101 So. 128.

However, irrespective of the question of the effect of the release of one co-debtor in solido upon the obligation of the other, the plaintiff is not in a position to recover from the defendant in this case. The written release, signed by the bona fide holder of the note, charged with the duty of its collection, acknowledged its payment. Certainly payment may not be demanded again.

The note was not surrendered to Leavell, but was returned after maturity to plaintiff as unpaid.

Demand was made on the defendant for payment, and he promised to pay, but did not. The plaintiff contends that, because of this latter promise to pay, it went to considerable trouble, work, and expense, and that the defendant is thereby estopped to urge his discharge from the obligation. The evidence shows that at the time the defendant made the promise referred to he had no knowledge of the release of Leavell, or payment of the note. There is no merit in the plea of estoppel.

We are of the opinion that the judgment appealed from is correct, and it is therefore affirmed.