**RUSCA & CUNNINGHAM v. HAMMETT et al.**
No. 6091.

Court of Appeal of Louisiana.
Second Circuit.
March 6, 1940.

Rehearing Denied April 4, 1940.

Writ of Certiorari and Review Denied April 29, 1940.

J. D. Rusca and Russell E. Gahagan, both of Natchitoches, and B. F. Roberts, of Shreveport, for appellant.

John G. Gibbs, of Natchitoches, for appellees.

TALIAFERRO, Judge.

■ This motion is based upon the theory that defendant's liability on the note sued on is only one-sixth thereof, which would be less than One Hundred ($100) Dollars; in other words, that the signers of the note are each liable only for his virile part, since, it is contended, the obligation is not solidary. Appellee's contention is that this court is without jurisdiction ratione materiæ to entertain the appeal.

The note reads, "I promise to pay", etc. It is signed by five other persons besides Hammett. Under subsection 7 of Sec. 17 of the N. I. L. (Act No. 64 of 1904) the note is a joint and several obligation. Each signer, therefore, is bound for the whole debt. It is an in solido obligation. George T. Bishop, Inc. v. Jones, 17 La.App. 410, 136 So. 101; J. I. Case Threshing Mach. Co. v. Bridger, 133 La. 754, 63 So. 319.

In solido, according to Black's Law Dictionary, 2nd Ed., is defined as follows: "In the civil law, for the whole; as a whole, an obligation in solido is one where each of the several obligors is liable for the whole; that is, it is joint and several."

Civil Code Art. 2082 is pertinent: "When several persons obligate themselves to the obligee by the terms in solido, or use any other expressions, which clearly show that they intend that each one shall be separately bound to perform the whole of the obligation, it is called an obligation in solido on the part of the obligors."

The motion to dismiss is not well founded. It is overruled.

## The Merits

This case was remanded to allow plaintiff opportunity to adduce proof of the contents of exhibit No. 2, referred to in our former opinion, which was lost or destroyed before the record was filed in this court. When plaintiff attempted to establish the contents of the lost document, as our decree expressly authorized, objection was made to the admissibility of proffered testimony on the ground that Act No. 57 of 1886 had not previously been complied with. That is, that a rule on defendant should have been taken to show cause why the contents of the lost exhibit should not be judicially established. The objection was sustained. The ruling, with reasons, is as follows: "This Court thinks that a rule should have been issued by the plaintiff on the defendant for the purpose of establishing the contents of the alleged lost document and that defendant should have notice and be placed on guard as to the alleged contents of written document, alleged to have been lost. And, for that reason, the Court sustains the objection and will permit the plaintiff to submit their parole testimony and have same attached to a bill of exception at their request."

The Court again sustained the plea of prescription, signed judgment pursuant thereto and plaintiff appealed.

The above mentioned ruling of the Court is manifestly erroneous.

■ The title of Act No. 57 of 1886 tersely reflects its objects and purposes. It reads as follows: "To provide for the restoration of public records and other papers destroyed by fire or in any other way."

This act, in so far as it relates to suits, provides a method of procedure to establish the contents of original papers "appertaining to a suit pending in any district court of the state, which have been destroyed, by the burning of the court house or otherwise." Section 1. It has no reference whatever to lost or destroyed papers in a suit already tried and on appeal; especially does it not have reference to nor comprehend lost or destroyed documents filed in evidence in such a case.

■ In the present case the appropriate procedure, after the case was remanded, was simple. It should have been placed on the ordinary docket, a date fixed for trial, counsel of defendant notified, if not in court at the time, and testimony admitted to prove the contents of the lost exhibit.

If the contents of this lost exhibit were indispensable to a correct decision of this case, we would be compelled, in the interest of justice, to again remand it to the end that the excluded testimony could again be offered by plaintiff. However, we think this unnecessary.

The testimony and documentary evidence presently in the record are sufficient to prove that prescription on the note had

been interrupted more than once and that when sued on, the note was not vulnerable to the plea.

The note is a demand obligation. It was dated November 25, 1925. Unless interrupted, prescription attached on November 25, 1930. This suit was filed October 1, 1934, therefore, if the current of prescription was interrupted between October 1, 1929, and November 25, 1930, the suit was timely filed.

Beginning in October 1928, several letters passed between plaintiff and defendant in regard to the note. Plaintiff was urging payment in full or part. Defendant assigned financial inability for non-payment.

In the spring of 1930, Mr. Rusca discussed the note's condition with defendant. Defendant then admitted owing the note and agreed to execute a renewal note to replace the old one. The renewal note was sent to defendant, but he did not sign it. The failure to do so prompted the sending and signing of said document No. 2. Apparently, the renewal note was not signed by defendant because he was unable to procure the signatures of the other signers thereof.

On March 10, 1930, defendant wrote Judge Cunningham, a member of plaintiff firm, the following letter, to-wit:

"I am in receipt of your letter of a few days past, and I assure you that I appreciate same.

"Please let me know which of the Davenport negroes signed this note and just as soon as I can locate them *I will have each of them sign this note with me.*"

On March 18, 1930, defendant wrote Mr. Rusca as follows: "I have roughly figured the interest on note, but if $90.00 is correct, and I assume it is, added to $250.00 note, it should be $340.00. Please correct and return to me. I will be sure to get the signatures and as quickly as I can."

Plaintiff wrote defendant as follows, on March 28, 1930: "We hand you herein note for the corrected amount agreeable to your letter of the 18th inst., mailed on the 27th inst. The error of the writer was so patent you could have made the change in amount without the necessity of returning it."

In March, 1930, the note was placed in the hands of Shreveport attorneys for collection. On March 13, 1930, after receiving demand for payment from these attorneys, defendant wrote plaintiff a long letter on the subject, in which, inter alia, he said:

"I am in receipt of a letter from Robert Crain, saying that you and Rusca had turned over to him the note of myself and the Davenport negroes, given you in 1925 for balance due on attorney's fee for defending Jerome Davenport, to be reduced to judgment.

"I saw Robert and ask that he hold the matter up until I could get in touch with you.

"While I know every man wants to collect what is due him, I was surprised that you would want to sue me in a matter of this kind, under the circumstances.

"You, of course, know that if I were in position to do so would have already paid the account, though I have been unable to get anything out of the negroes."

On July 24, 1930, defendant wrote Mr. Rusca as follows: "I received your letter with reference to note, and just as soon as I can get some time to run these negroes down, will get note signed and return to you. I have been very busy, and these negroes are scattered around in different places, but I'll attend to it before fall."

■ To the admissibility of all of these letters defendant objected on the grounds that they were not admissible under the pleadings; were irrelevant and immaterial. The letters were allowed filed subject to the objection. Clearly these letters were relevant to the issue of prescription tendered by the plea. That is the only question in contest now or then. They definitely reflect defendant's attitude toward the note and the urgings and demands upon him for its payment.

The contents of these letters definitely disclose that when each was written there was no purpose on defendant's part to escape the obligation which his signature to the note superinduced. He positively acknowledged the existence of the obligation in these letters, his liability thereon, and agreed to execute a renewal note and to secure the signatures of others bound with him thereon. In addition to this, he definitely acknowledged liability on the note to Mr. Rusca in the spring of 1930 and agreed to renew the obligation at that time. He did not testify in the case, and, therefore, did not controvert Rusca's testimony.

■ Parol testimony is competent to prove the acknowledgment of a debt, evidenced by writing and not prescribed, and the promise by the obligor to pay same. Such testimony interrupts the running of

prescription. G. W. Sentell v. John D. Woods, 2 La.App. 343, and the several cases therein cited; Union National Bank v. John Evans, 43 La.Ann. 372, 9 So. 44; Wm. H. Boullt v. Jerome Sarpy et al., 30 La. Ann. 494.

 Plaintiff carried the burden of proving an interruption of prescription on the note within five years of the filing of suit. We are convinced that this burden has been discharged.

For the reasons herein assigned, the judgment appealed from is annulled, reversed and set aside; the plea of prescription is overruled; and it is now ordered, adjudged and decreed that plaintiff, Rusca and Cunningham, do have and recover judgment against defendant, A. G. Hammett, for Two Hundred Fifty ($250) Dollars, with eight (8%) per cent per annum interest thereon from November 25, 1925, until paid, together with ten (10%) per cent of said amount, principal and interest, as attorney's fees and costs of suit.