GLADNEY, Judge.
The Cornmercial Credit Corporation sued to recover upon an agreement of warranty signed by Carl Shipp, Jr. for the advantage of the Shipp Chevrolet-Buick, Inc. an automobile dealership of Wisner, Louisiana. Trial of the case resulted in judgment for plaintiff from which decree the defendant has appealed.
The plaintiff regularly had financed the dealership which was owned and operated by William Carl Shipp, the son of Carl Shipp, Jr. On March 27, 1963 Harold J. Evans and Elmo M. Irby, representatives of Commercial Credit Corporation, drove from Natchez to confer with William Carl Shipp who had requested a loan of $8,000. Their superiors had instructed them that in order to make the requested loan it would be necessary first to have Carl Shipp, Jr. execute a guaranty of wholesale and demonstrator transactions of the dealership. After first explaining to William Carl Shipp the necessity of obtaining the guaranty, the latter with Evans and Irby *737 went to the home of Carl Shipp, Jr. where the matter was discussed. William Carl Shipp was not present during the negotiations. Shortly afterwards the $8,000 loan was made and Evans and Irby returned to their office in Natchez, Mississippi. The instrument, signed by Carl Shipp, Jr. was captioned in large print Guaranty of Wholesale and Demonstrator Transactions, and purported to guarantee the faithful and proper performance, payment and discharge of Shipp Chevrolet-Buick, Inc. of its obligations arising out of the wholesale transactions and purchases of automobiles and other vehicles then being mortgaged under a wholesale floor plan in favor of Commercial Credit Corporation.
The primary defense urged is that Carl Shipp, Jr. was not obligated under the contract of guaranty except for the $8,000 loan which was paid in full within a few months. The question so raised may be resolved by determining if the record contains adequate proof that his signature was obtained for consideration and without fraud or misrepresentation. Although admitting his signature, Shipp testified that he did not read the document he signed but relied upon assurances that his liability would be limited to the $8,000 loan. Evans and Irby testified that the nature of the obligations arising under the guaranty was fully discussed and explained, and that Carl Shipp, Jr. understood that his obligation included loans arising under wholesale and demonstrator transactions. Lee Moore, another representative of the finance company, testified that after the dealership had become slow in some of its payments, Carl Shipp, Jr. admitted to him his responsibility for the guaranty.
When the agreement was executed Shipp was in good health and not physically handicapped. The record discloses he was educated and capable of reading. Accordingly, we are of the opinion he understood and consented to the obligations imposed by the document. In the case of Snell v. Union Sawmill Company, 159 La. 604, 105 So. 728, 730 (1925) the court stated:
“The evidence does not support the charge of fraud and misrepresentation; the trial judge did not believe it, nor do we. It would serve no good purpose to review the evidence in the record, but it suffices to observe in the emphatic language of this court in Boullt v. Sarpy, 30 La.Ann. 494, 495, that ‘signatures to obligations are not mere ornaments.’
“If a party can read, it behooves him to examine an instrument before signing it; and if he cannot read, it behooves him to have the instrument read to him and listen attentively whilst this is being done. Murphy v. Hussey, 117 La. 390, 399, 41 So. 692; Baker v. Myatt Dicks Motor Co., 12 Orleans App. 281.” [105 So. 728, 730.]
The argument is made that the contract was without consideration in that Carl Shipp, Jr.’s liability did not go beyond his responsibility for the $8,000 loan. This contention is met by our finding herein that the contract was signed by Carl Shipp, Jr. with understanding of its import. As a consequence thereof the consideration is as stated in the agreement: “In consideration of, and in order to induce you to purchase or otherwise acquire any notes, ifi jf{
The objection that plaintiff failed to prove its demands is not substantiated. As originally filed the demand of plaintiff was for the sum of $46,986.68 with interest from judicial demand and 15% attorneys’ fees. Subsequently the petition was amended and plaintiff claimed the additional sum of $61,361.09 with legal interest. The suit was filed on December 10, 1965, tried on June 12, 1967 and judgment rendered on September 26, 1968. The *738 defendant, Carl Shipp, Jr., died on February 25, 1966 and his succession represented by Louise Stevens Shipp as Executor was substituted as party defendant. During the pendency of these proceedings Commercial Credit Corporation instituted suit in the Fifth Judicial District Court bearing No. 11,654 on the docket. Judgment against the primary debtor, Shipp Chevrolet-Buick Company, Inc. was rendered therein for the amount rendered against Carl Shipp, Jr. The judgment in suit No. 11,654 was made a part of the evidence in this case by reference. The defendant made no direct attack upon the judgment and has not seriously questioned its amount. It is to be observed that the contract of guaranty stipulates the amount of attorneys’ fees awarded.
Counsel for the defendant made objection to the lower court’s judgment against the executrix as being unauthorized. Article 3241 et seq. of the Code of Civil Procedure provides the method of presenting a claim against a succession. This suit was contested prior to the time of the death of Carl Shipp, Jr. and his widow as executrix was substituted as party defendant. Under Article 3247 execution is prohibited against property of a succession under administration. The purpose of the provision was to withdraw the succession from ordinary execution by creditors and subject it only to the orderly process of administration. See Deposit Guaranty National Bank v. Shipp, La.App., 205 So.2d 101, 106 (2nd Cir. 1967).
For the reasons hereinabove set forth it is our conclusion that Carl Shipp knowingly obligated himself upon the agreement of guaranty; that there is no proof of fraud in the record that Carl Shipp was misled as to the extent of his obligation; and that proper proof of the amount of the indebtedness was made.
Accordingly, the judgment is affirmed at appellant’s cost.