476 So.2d 359 (1985)
George ORTOLANO
v.
SNOWIZARD MANUFACTURING, INC. and Ronald Sciortino.
No. CA 2627.
Court of Appeal of Louisiana, Fourth Circuit.
August 28, 1985.
Rehearing Denied October 30, 1985.
Writ Denied December 20, 1985.
Melanie Shaw, Henican, James & Cleveland, New Orleans, for plaintiff-appellee.
Joseph S. Russo, Jefferson, for defendants-appellants.
Before REDMANN, C.J., SCHOTT and GARRISON, JJ.
REDMANN, Chief Judge.
The buyer of a business appeals from a judgment for the seller for the balance of about 25% of the price of the business's inventory and checking account balance detailed by written contract in authentic form (La.C.C. 2234, prior to its revision by La. Acts 1984 No. 331 into art. 1833). The buyer proved, as detailed with additional facts in an appendix hereto not designated for publication, that the seller delivered only 75% of that inventory and cash.
The seller presented parol evidence that, notwithstanding that the parties had for months orally agreed that the sale was for $170,000 for good will plus actual value of inventory and checking account, and notwithstanding that plaintiff was at the very moment of signing the written contract willing to delay the sale as long as necessary for a full recount of inventory and cash and corresponding adjustment of the price, nevertheless plaintiff was not willing to sign the contract as prepared by the parties' lawyers over a period of months (with its penny-for-penny equivalence between price and inventory-and-cash) unless defendant agreed that there would be no such equivalence. And, plaintiff's parol evidence *360 is, though contradicted by defendant and his lawyer, defendant did so agree.
The trial judge reasoned: "Plaintiff's evidence that the parties ... preferred certainty and finality to accuracy is entirely credible." We reason that that fact, even if proved, is irrelevant. We reverse.
As a reviewing court we accept the trial judge's credibility evaluation of plaintiff and his lawyer and his nephew-in-law business consultant. And, though we might interpret their evidence in our context differently, we treat as a fact that, prior to signing the written contract, the parties "preferred certainty and finality."
Even so, they did sign the unambiguous contract. Parol evidence is not admissible merely to contradict or to vary its unambiguous terms. Moossy v. Huckaby Hosp., Inc., 283 So.2d 699 (La.1973). This is not a case where the evidence is that this very specific written contract was signed by the seller by mistake, or under duress, or because of fraud. This plaintiff, in his lawyer's office, with his lawyer present and acting as notary public, deliberately signed the most formal written contract Louisiana hasone that C.C. 2236 (1870) makes "full proof of the agreement contained in it, against the contracting parties and their heirs or assigns, unless it be declared and proved a forgery."
This case is governed by that article, and by its jurisprudential interpretation, as in Boullt v. Sarpy, 30 La.Ann. 494, 495 (1878), and Tweedel v. Brasseaux, 433 So.2d 133 (La.1983), that "signatures to an obligation are not mere ornaments." Wigmore, Evidence (Chadbourn rev.), § 2400, explains that the parol evidence rule
"is in no sense a rule of evidence, but a rule of substantive law.... What the rule does is to declare that certain kinds of fact are legally ineffective in the substantive law; and this of course (like any other ruling of substantive law) results in forbidding the fact to be proved at all.... But this prohibition of proving it is merely the dramatic aspect of the process of applying the rule of substantive law."
Ours is not a case where the contract is silent about the computation of the price, and where only testimony asserts that it was to be computed on the value of the cash-and-inventory while other testimony asserts that the parties finally agreed that the price was to be certain and final rather than equated to the cash-and-inventory value. That case would present a mere question of credibility evaluation. In our case, to the contrary, the contract itself details the computation of the price, and the parol evidence contradicting the contractual provision cannot be deemed its evidentiary equal.
The written contract promised delivery of the cash and inventory it specified, and it was signed by plaintiff, with his counsel present, after the alleged oral change in the parties' longstanding oral agreement that had been integrated into that formal written contract.
There is no testimony that the parties agreed that they would not sign that contract. Both parties and both parties' lawyers testify, but no one says that the wrong contract got signed. No one says that it was agreed that the penny-for-penny explanation of the price was to be stricken from the contract, or a contradicting clause inserted, and that the striking or contradicting was omitted by mistake. There is no explanation whatsoever of why the plaintiff signed, or of why his lawyer let him sign while himself acting as notary, if this written contract was not agreed to. Much less is there any hint of fraud or forgery.
The trial judge at one point during trial suggested there might be no contract at all because of the parol evidence suggesting that there had been no meeting of the minds. That is a possibility in fact, but not in law. One cannot be allowed to repudiate his unambiguous written contract by testifying that he refused to sign it unless the other party agreed it would not mean what it unambiguously says, and that he understood that the other party so agreed so he signed it as originally prepared. As *361 does Wigmore's principle that the parol evidence rule is a rule of substantive law, C.C. 2236's principle that the written contract (authentic or not, C.C. 2238 (1870)) is "full proof of the agreement ... unless ... proved a forgery" makes immaterial any pre-existing facts other than mutual mistake or fraud or forgery, even if established by parol evidence. See also C.C. 2276 (1870): "Neither shall parol evidence be admitted against or beyond what is contained in the acts, nor on what may have been said before, or at the time of making them, or since."
The 1984 revision of the Obligations articles of the Civil Code (though dropping the always-doubtful "or since" wording) would reach the same result. C.C. 1848 provides: "Testimonial or other evidence may not be admitted to negate or vary the contents of [a written act]. Nevertheless, in the interest of justice, that evidence may be admitted to prove such circumstances as a vice of consent, or a simulation, or to prove that the written act was modified by a subsequent and valid oral agreement."
Because, as a matter of substantive contract law, a prior agreement cannot have the effect of modifying a later agreement, parol evidence that an oral agreement prior to a written contract negated the written contract is not only not admissible but even if admitted is not competent, in substantive law, to modify the later-signed written contract.
Plaintiff cannot collect the price of goods not delivered. The evidence is that the inventory and cash were short by $30,034.50 of the promised $119,922.15. Thus defendants owed plaintiff only $89,887.65, and have paid $90,400, or $512.35 more than they owed. Defendants will be given judgment for that amount (La.C.C.P. 2164, though their reconventional demand was for only the mathematically-evident $20 error) plus the return of defendant's pledged stock and collateral mortgage note.
The judgment appealed from is reversed, and there is judgment for Sno-Wizard Manufacturing Company Inc. and Ronald Sciortino against George Ortolano for $512.35 with legal interest from judicial demand and all costs; and there is further judgment ordering George Ortolano to deliver to Ronald Sciortino Sciortino's four shares of Sno-Wizard Manufacturing Company, Inc. and Sciortino's May 8, 1981 note for $264,492.15 secured by collateral mortgage on 825-827 Constantinople Street, New Orleans.