## OSHRY v. MUTUAL LIFE INS. CO. OF NEW YORK.

### No. 173.

District Court, D. Massachusetts.
April 3, 1939.

Abraham Levenson and Manuel Katz, both of Boston, Mass., for plaintiff.

George Hoague and John Barker, Jr., both of Boston, Mass., for defendant.

McLELLAN, District Judge.

The following statement may be taken, transcribed and filed with the papers in the case:

This suit was brought in the state court whence the defendant caused it to be removed here. The plaintiff moves to remand the case to the state court.

The controversy pertains to three life insurance policies, one for $1000, another for $1000, and the third for $3000. The bill of complaint filed in the state court alleges that a default in the payment of the premiums due under each of the policies occurred in December 1937. According to the averments of the bill, the plaintiff paid all overdue premiums within two months from the date of the default, produced evidence of her insurability and applied for reinstatement of her policies. Allegedly the defendant, assigning as its reason therefor that the plaintiff was not insurable, refused to reinstate the policies and returned the overdue premiums which in the meantime it had held subject to the plaintiff's order. It is charged that the defendant unreasonably, arbitrarily and in bad faith refused to reinstate the policies. The bill prays that the plaintiff's rights may be adjudicated and the policies reinstated.

The plaintiff, in the course of the oral argument in support of the motion to remand, took the position that the Court is not to be guided by, or at any rate is not to be bound by the face value of the policies. It was said, in substance, that the difference between what the plaintiff would have if she succeeded in this suit and what she now has would not in any event exceed the sum of $3000.

One of the things which the plaintiff now has and would have if she failed in this suit is paid-up insurance aggregating something more than $5000 for a term which ends, as I am told by counsel, in the year 1963. One of the things which the plaintiff would not have if she failed in this suit is double indemnity for which the three policies provided. In others words, the plaintiff, if she fails in this suit, will have paid-up straight life policies for a term of years in the aggregate sum of about $5000. If she prevails she will receive reinstatement of three policies affording straight life insurance aggregating $5000 not limited by any term, providing for disability benefits, and for the payment of an aggregate sum of about $10,000 if death results from accidental means.

That the three policies may be combined for the purpose of arriving at the amount in controversy has been held repeatedly. See Provident Mutual Life Insurance Company v. Parsons, 4 Cir., 70 F. 2d 863, and cases there cited.

The amount in controversy is not measured by the amount of reserve that the insurance company may be required to set up against the policies if they are reinstated. By the weight of authority it is unnecessary and impracticable to consider more than the difference between the respondent's contractual obligation if the policies are not reinstated and its contractual obligation if they are. See Lester v. Prudential Insurance Company of America, D. C., 24 F.Supp. 54; New York Life Insurance Company v. Swift, 5 Cir., 38 F.2d 175, and cases there cited. See also Jensen v. New York Life Insurance Company, 8 Cir., 50 F.2d 512. I cannot say that the difference between paid-up life policies for a term and continuous life policies containing disability insurance and additional indemnity of $5000 in case of accidental death does not amount to an excess over $3000.

The amount in controversy is sufficient to warrant removal of the case to this court. The plaintiff's motion to remand the case to the state court whence it was removed is denied.