Essie H. JEWELL, Appellant,

v.

GRAIN DEALERS MUTUAL INSURANCE CO., Appellee.

No. 18249.

United States Court of Appeals
Fifth Circuit.

May 3, 1961.

Milton L. LeBlanc, Jr., Johnson & Le-Blanc, New Iberia, La., for Essie H. Jewell, plaintiff-appellant.

John P. Hammond, St. Clair Adams, Jr., New Orleans, La., Richard B. Montgomery, Montgomery, Barnett, Brown & Read, New Orleans, La., of counsel, for defendants-appellees.

Before RIVES, CAMERON and JONES, Circuit Judges.

JONES, Circuit Judge.

The appellant, Essie H. Jewell, a citizen and resident of Louisiana, brought suit in the United States District Court for the Eastern District of Louisiana against several defendants, including the appellee, Grain Dealers Mutual Insurance Company. All of the defendants were citizens and residents of states other than Louisiana and federal jurisdiction is dependent upon diversity of citizenship. In his complaint the appellant alleged that, while riding as a passenger on a Louisiana highway in a Pontiac sedan automobile owned by the appellant but driven by John O. Neuville, the car was involved in a collision with a Ford truck owned by the defendant, Farmers Milling and Seed Co., Inc.; that both drivers were negligent; that the appellant sustained serious injuries; that the appellant's Pontiac car was a total loss; that the Ford truck was insured against public liability under a policy of insurance issued by the defendant, Western Casualty and Surety Co.; that the appellant carried a policy of public liability insurance on the Pontiac car which covered injuries to the appellant while a passenger in the car; that John O. Neuville, while driving the appellant's car, was protected against public liability under a policy of insurance issued on a Chevrolet truck owned by John O. Neuville; and that appellant had been damaged to the extent of $150,000.00.

The policy of insurance issued by the defendant, Western Casualty and Surety Company, on the truck of the defendant, Farmers Milling and Seed Co., Inc., provided for public liability coverage of $20,-000.00. The policy of Grain Dealers Mutual on the appellant's Pontiac had a liability limit of $5,000.00. Fireman's Insurance Company answered that its policy insuring Neuville had a limit of $20,-000.00, and that such coverage as it afforded was in excess of the coverage of Grain Dealers Mutual on the Jewell Pontiac.

In a motion to dismiss, Grain Dealers Mutual asserted that the amount in controversy does not exceed the sum or value of $10,000.00, exclusive of interest and costs, as required [1] to maintain fed-

1. The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $10,000.00 exclusive of interest

and costs and is between: (1) Citizens of different states, 28 U.S.C.A. § 1332 (a) (1).

eral jurisdiction. The district court granted the motion and dismissed the cause as to Grain Dealers Mutual. The order of dismissal is before us for review on an appeal authorized by an order entered pursuant to 28 U.S.C.A. § 1292(a).

■■ The general rule with respect to the aggregation of the claims of a plaintiff against two or more defendants is that "where a suit is brought against several defendants asserting claims against each of them which are separate and distinct, the test of jurisdiction is the amount of each claim, and not their aggregate." Cornell v. Mabe, 5 Cir., 1953, 206 F.2d 514, 516. See also Citizens' Bank of Louisiana v. Cannon, 164 U.S. 319, 17 S.Ct. 89, 41 L.Ed. 451; Northern Pacific Railroad Co. v. Walker, 148 U.S. 391, 13 S.Ct. 650, 37 L.Ed. 494; Walter v. Northeastern Railroad Co., 147 U.S. 370, 13 S.Ct. 348, 37 L.Ed. 206. Claims against two or more defendants can be aggregated for the purpose of attaining the jurisdictional amount, as a general proposition, if they are jointly liable to the plaintiff. Walter v. Northeastern Railroad Co., supra. This rule is applicable to suits against two or more insurance companies, each of which has separately insured against a stated risk for a sum less than the jurisdictional amount. Aetna Insurance Co. v. Chicago, Rock Island and Pacific Railroad Company, 10 Cir., 1956, 229 F.2d 584; Application of Hardware Mutual Fire Insurance Co., 9 Cir., 1937, 91 F.2d 13; Wisconsin Central Railway Co. v. Phoenix Insurance Co., C.C.E.D.Wis.1903, 123 F. 989. See also Payne v. State Farm Mutual Automobile Insurance Co., 5 Cir., 1959, 266 F.2d 63; Century Insurance Co. v. Mooney, 10 Cir., 1957, 241 F.2d 910; Matlaw Corporation v. War Damage Corporation, 7 Cir., 1947, 164 F.2d 281.

■ In the case before us there is no joint liability of the defendant insurance companies. The liability of the appellee could not have exceeded $10,000. The fact that one company has a primary liability and that another has excess coverage of the same insured risk does not create a joint liability or any such community of interest as permits the claims against them to be joined for determining jurisdiction. No other basis for retaining jurisdiction of the appellee is shown. The complaint was properly dismissed as to the appellee.

The authorities relied upon by the appellant are not in point. In some of the cases cited, claims of an insured or beneficiary against an insurer under two or more policies were aggregated. Oshry v. Mutual Life Insurance Co. of New York, D.C.Mass.1939, 27 F.Supp. 237; Metropolitan Life Insurance Co. v. Mason, D.C.E.D.Pa.1937, 21 F.Supp. 704; Metropolitan Life Insurance Co. v. Dunne, D.C.S.D.N.Y.1931, 2 F.Supp. 165. It is indicated in the opinion in American Surety Co. v. Bank of California, 9 Cir., 1943, 133 F.2d 160, that two insurance companies sought to recover an obligation owing to them jointly. The appellant stresses the case of Jamerson v. Alliance Insurance Co., 7 Cir., 1937, 87 F.2d 253, certiorari denied 300 U.S. 683, 57 S.Ct. 753, 81 L.Ed. 886, which was a case where a fraudulent conspiracy was alleged to have been made to procure policies of insurance. The cause of action was the conspiracy and the aggregate of the amounts of the policies fixed jurisdiction. See 36A C.J.S. Federal Courts § 310(6), p. 39. In Gavica v. Donaugh, 9 Cir., 1937, 93 F.2d 173, cited by the appellant, the action was dismissed because of an improper attempt to aggregate claims. The other decisions to which the appellant directs our attention seem to be cases where a plaintiff was permitted to join two or more claims against a single defendant and these obviously have no bearing on the question before us.

The order dismissing the appellee was properly entered and it is

Affirmed.

CAMERON, Circuit Judge, concurs in the result.