George DENDINGER, Jr., Individually and in his capacity as natural tutor of the minor, George Dendinger III, Appellant,

v.

MARYLAND CASUALTY COMPANY, Appellee.

No. 19229.

United States Court of Appeals Fifth Circuit.

May 9, 1962.

As Corrected May 29, 1962.

William E. Crawford, Chaffe, McCall, Phillips, Burke & Hopkins, New Orleans, La., for appellant.

A. Morgan Brian, Jr., St. Clair Adams, Jr., Deutsch, Kerrigan & Stiles, New Orleans, La., for Maryland Cas. Co.

Lloyd Cyril Melancon, of Porteous & Johnson, New Orleans, La., for Peerless Ins. Co.

Before JONES, BROWN and BELL, Circuit Judges.

JONES, Circuit Judge.

An action was brought under the Louisiana Direct Action Statute, LSA–R.S. 22:655, in the District Court for the Eastern District of Louisiana, by the appellant, George Dendinger, Jr., in his own right and as tutor of his minor son, against Aetna Casualty and Surety Company, The Peerless Insurance Company, and Maryland Casualty Company. The complaint, wherein the facts herein recited are alleged, sets out a claim for damages in the amount of $185,000 for injuries to and the death of Phyllis Doyle Dendinger, the wife of the appellant and the mother of his minor son, as a result of an automobile collision. Mrs. Dendinger was a passenger in an automobile owned and operated by Paul LeGrand. The other car was being operated by William A. Schaubhut, an employee of the Department of Wildlife and Fisheries for the State of Louisiana. LeGrand was insured by Maryland; Schaubhut was insured by Aetna; and the Department of Wildlife and Fisheries

was insured by Peerless. In the complaint it was averred that the collision was proximately caused by the joint negligence of Schaubhut and LeGrand, each being separately charged with acts of negligence. It was stated that Schaubhut failed to yield the right of way, failed to keep his vehicle under proper control, and failed to take such evasive action as might have averted the collision. As to LeGrand, it was said that he failed to keep a proper lookout, failed to keep his vehicle under proper control, and failed to take such evasive action as might have averted the collision. Maryland moved for its dismissal from the action, asserted that its policy limit was $5,000 and that, as to it, the jurisdictional amount was lacking. The district court granted the motion. This appeal is from its order dismissing Maryland from the cause.

Maryland Casualty takes the position that the opinion in the case of Jewell v. Grain Dealers Mutual Insurance Co., 5th Cir. 1961, 290 F.2d 11, is squarely in point, is controlling here, and requires an affirmance of the district court's order of dismissal. The appellant states that he is within the language of Jewell where it is stated that "Claims against two or more defendants can be aggregated for the purpose of attaining the jurisdictional amount, as a general proposition, if they are jointly liable to the plaintiff. * * * This rule is applicable to suits against two or more insurance companies, each of which has separately insured against a stated risk for a sum less than the jurisdictional amount." It has been said that where the combined negligence of two persons contributes to and brings about an injury, they are joint tort feasors under the law of Louisiana and are liable in solido with the insurer standing in the shoes of its insured. Banks v. Associated Indemnity Corp., 5th Cir. 1947, 161 F.2d 305. The civil law phrase "in solido" refers to an obligation where each of several obligors is liable for the whole, that is, the obligation is joint and several. George T. Bishop, Inc. v. Jones, 17 La.App. 410, 136 So. 101. The Louisiana Direct Action Statute, supra, is relied on to establish the proposition that the insured and the insurer are liable in solido. Cf. Dandridge v. Fidelity & Casualty Co. of New York, La.App., 192 So. 887. Then, by a sort of "things equal to the same thing are equal to each other"[1] formula, it is deduced by the appellant that two insureds being liable in solido, and each insurer being liable in solido with its insured, it must follow that the insurers are liable in solido. We are of a different opinion.

Each of the insurers was required, within its policy limits, to discharge the covered liability of its insured. Neither of the insurers contracted to discharge any liability of the insured of the other. Neither was liable for any amount in excess of the limits of the policy it had issued. There was no privity between the insurers. And none was created when the vehicles which they had separately insured met at a highway intersection in Louisiana. The Jewell case, and the authorities there cited, support the action of the district court in dismissing Maryland Casualty Company from the action. The judgment of the district court is

Affirmed.

1. Dunlop v. Teagle, 101 Fla. 721, 135 So. 132.