Mrs. Frances **FULTON**, divorced wife of Clarence Wood, Plaintiff,

v.

**WHITE CAB CO., Inc.**, Marathon Insurance Co., Lloyd Hebert, Stonewall Insurance Co., David Hebert, Allstate Insurance Co., and Morris Gamberella, Defendants.

Civ. A. No. 69–608.

United States District Court
E. D. Louisiana,
New Orleans Division.

Oct. 27, 1969.

Robert R. Rainold, Malcolm E. Ziegler, New Orleans, La., for plaintiff.

Ernest L. O'Bannon, New Orleans, La., for White Cab Co., Marathon Insurance Co., and Morris Gamberella.

Alexander C. Cocke, Jr., New Orleans, La., for defendants Lloyd Hebert and David Hebert.

RUBIN, District Judge:

This motion to dismiss for lack of jurisdictional amount calls for an interpretation of the statute granting federal district courts jurisdiction over diversity cases, 28 U.S.C.A. § 1332. Application of the jurisdictional statute depends, in turn, on a determination of the relationship between insurer and insured under the Louisiana Direct Action Statute, LSA–R.S. 22:655 (Supp.1966).

Clarence Wood was killed in a collision between a White Cab in which he was riding and an automobile driven by David Hebert, minor son of Lloyd Hebert. In this diversity action brought on behalf of Wood's children, plaintiff has joined the drivers and the owners of both vehicles involved, as well as their insurers, and has demanded $150,000 for Wood's wrongful death.

The insurance policies written by Marathon Insurance Co. (White's insurer) and Stonewall Insurance Co. (Hebert's insurer) each contain a $5,000 limitation of liability. Both companies move to dismiss the action for lack of jurisdiction as to them, contending that the amount of damages recoverable from each fails to meet the requirement for federal jurisdiction. The plaintiff concedes she could not be awarded more than $10,000 from either of the insurance companies alone, and maintains that, where the defendants' liability is joint, the test for jurisdictional amount should be the aggregate damages demanded of all defendants.

■ If the requisite diversity of citizenship exists, 28 U.S.C.A. § 1332 provides for federal jurisdiction of "all civil actions where the matter in controversy exceeds the sum or value of $10,-000, exclusive of interest and costs." The problem of identifying and measuring the "matter in controversy" has itself become a matter of controversy, and judges, attorneys and commentators have developed a variety of interpretations to fit the assortment of cases calling for a definition. The general rule applicable to the situation here is:

Where two or more defendants are joined by the same plaintiff in one suit, the pecuniary test of jurisdiction ordinarily turns on whether the defendants' liability to plaintiff is joint or several. If their liability to plaintiff is joint or integrated, the value of the matters in controversy between them and the plaintiff is the jurisdictional sum. 1A Moore, Federal Practice (2d Edition 1960) ¶ 0.97[2], p. 886.[1]

And in Jewell v. Grain Dealers Mut. Ins. Co., 5 Cir. 1961, 290 F.2d 11, 13, a tort suit brought under the Louisiana Direct Action Statute, the Fifth Circuit reiterated the rule, "Claims against two or more defendants can be aggregated for the purpose of attaining the jurisdictional amount, as a general proposition, if they are jointly liable to the plaintiff."[2]

■ The Direct Action Statute, LSA–R.S. 22:655 (Supp.1966), declares the "action may be brought against the insurer alone or against both the insured and insurer jointly and in solido." The Louisiana Supreme Court has construed this to impose joint and solidary liability on insurer and insured. See, e. g., Shaw v. New York Fire & Marine Under-

---

1. See, for this general proposition although in contexts different from this case, St. Louis Union Trust Co. v. Stephens, 5 Cir. 1941, 116 F.2d 574; Cornell v. Mabe, 5 Cir. 1953, 206 F.2d 514.

2. For the same rule, in a declaratory judgment case, see Motorists Mut. Ins. Co. v. Simpson, 7 Cir. 1968, 404 F.2d 511, 513, cert. denied, 1969, 394 U.S. 988, 89 S.Ct. 1470, 22 L.Ed.2d 763; cf., Niagra Fire Ins. Co. v. Dyess Furniture Co., 5 Cir. 1961, 292 F.2d 232.

writers, Inc., 1968, 252 La. 653, 212 So. 2d 416.

Thus, if the apothegm set forth in *Jewell* were applied literally, there would be little need to discuss the propriety of aggregation here. The syllogism is perfect: major premise—claims may be aggregated if the liability is joint; minor premise—Louisiana says the liability is joint; conclusion—aggregation is permitted.

■ But that straightforward rule has never actually been applied in this type of case. In *Jewell* itself, the court found that joint liability did not exist between a primary insurer and an excess liability insurer; hence claims against both could not be aggregated to attain jurisdiction over the primary insurer, whose policy limit was below the jurisdictional amount. The insured tortfeasor was not joined as a defendant. A year later, in Dendinger v. Maryland Cas. Co., 5 Cir. 1962, 302 F.2d 850, the Court of Appeals again denied aggregation in a suit on liability policies, brought against insurance companies alone, finding that the insurers of two joint tortfeasors were not liable jointly and *in solido with each other* although they did share such liability with their respective insureds.[3]

■ While in both *Jewell* and *Dendinger* aggregation was rejected, just as it has been in a line of cases concerning aggregation of the claims of several plaintiffs,[4] this result does not repudiate the principle that the "matter in controversy" includes all the damages owed to plaintiff jointly by several defendants. All of those cases involve situations where the necessary premise for aggregation, joint liability or a unitary claim, is absent. In the instant case, the liability that provides the ground for aggregation is between insured and insurer, a liability that is undeniably joint and solidary under Louisiana law.[5]

Plaintiff buttresses her argument that aggregation is proper here with citations to decisions from the Third and Fourth Circuits that develop a "single cause of action" theory, corollary to the doctrine of pendent jurisdiction, to permit related claims to be tried together in diversity cases. The most directly apposite case is Jacobson v. Atlantic City Hospital, 3 Cir. 1968, 392 F.2d 149, where the court permitted a hospital to be sued as a joint tortfeasor although a state statute limited the amount recoverable from the hospital to $10,000.[6]

*Jacobson* considers the phrase "matter in controversy" from a perspective different from the close range, orthodox examination endorsed in *Jewell*. Rather than a relatively simple analysis of the interests to determine the nature of the liability, after which the answer to the question of aggregation is automatic, the "single cause of action" approach calls for an overall evaluation of the circumstances surrounding the lawsuit to de-

---

3. As recognized in *Jewell* and *Dendinger*, and not contested by plaintiff, the policy limits are the measure of an insurance company's liability, for purposes of federal jurisdiction, when the company is not sued together with its insured. Carnes & Co. v. Employers' Liability Assurance Corp., 5 Cir. 1939, 101 F.2d 739; Payne v. State Farm Mut. Automobile Ins. Co., 5 Cir. 1959, 266 F.2d 63.

4. E. g., Payne v. State Farm Mut. Automobile Ins. Co., 5 Cir. 1959, 266 F.2d 63; Niagra Fire Ins. Co. v. Dyess Furniture Co., 5 Cir. 1961, 292 F.2d 232; Muse v. United States Cas. Co., 5 Cir. 1962, 306 F.2d 30; Mitchell v. Great American Indemnity Co., W.D.La.1950, 87 F.Supp. 961.

5. In this case, sufficient damages are claimed, in good faith, so that jurisdictional amount is satisfied if each insurance company is held jointly liable only with its own insured; the *Dendinger* problem, where separate insurance companies were attempted to be held jointly liable with one another, does not arise.

6. Also relied on is Stone v. Stone, 4 Cir. 1968, 405 F.2d 94. In that case the Fourth Circuit adopted the Third Circuit's approach, as outlined in *Jacobson, supra,* and permitted the grantor of a trust to sue her daughter-in-law and grandson for return of the principal of a terminated trust, although the grandson was liable for an amount below $10,000.

termine whether the claims against the different defendants "are so interrelated that they can rationally be viewed as constituting a single 'action' rather than several," 392 F.2d at 153. *Jacobson* explores a number of considerations material to the flexible test it creates, including, for example, whether the claims spring from a "common nucleus of operative fact" and would normally be litigated together, and whether the additional claim would unduly complicate or prolong the trial.

 This interpretation of "matter in controversy" permits aggregation even where defendants' liability is not joint, and would permit aggregation of damages and assumption of federal jurisdiction in a number of cases that do not meet the standards set by the Fifth Circuit in *Jewell*.[7] The insurance companies can be retained as defendants in this case because they are liable to plaintiff jointly with the parties they insured, thus satisfying the requirements for aggregation presently in effect in this Circuit; hence the merits of a more expansive view of diversity jurisdiction need not be weighed.[8]

Finally, it should be pointed out that it would be meaningless to say that aggregation is permitted where liability is joint, if the joint liability is then said to be bounded by the policy limits. If joint liability were to be measured by the amount that can legally be recovered from each party, aggregation would

never be possible except in cases where it is unnecessary.

For these reasons, the motion to dismiss is hereby denied.

---

7. For example, in Jacobson v. Atlantic City Hospital, *supra*, the court expressly relies on its decision in Wilson v. American Chain & Cable Co., 3 Cir. 1966, 364 F.2d 558. In that case, applying its flexible rule, the Third Circuit permitted the father's claim for medical expenses to be joined with the son's suit for personal injury, although the father's claim did not meet the jurisdictional amount. Aggregation in such circumstances has been denied repeatedly by the Fifth Circuit, see note 4, *supra*.

8. In *Jacobson* the Third Circuit was candid in declaring that "[i]n recent years this court has taken the lead in recognizing diversity jurisdiction over an entire lawsuit in tort cases presenting closely related claims * * * even though one of the claims, if litigated alone, would not satisfy a requirement of diversity jurisdiction," 392 F.2d at 153. A decision to join in such trailblazing should only come in a proper case, where it is absolutely necessary; if such a decision would change the interpretation of the jurisdictional statute prevailing in this Circuit, it should be made by the Court of Appeals.