Melodie ROBISON, wife of/and Warren T. Robison, individually and on behalf of their minor children, John W. Robison and Tom T. Robison

v.

Thomas A. CASTELLO and State Farm Mutual Automobile Insurance Co.

Civ. A. No. 71–211.

United States District Court,
E. D. Louisiana,
New Orleans Division.

Sept. 7, 1971.

David Gertler, of Steven R. Plotkin Law Office, New Orleans, La., for plaintiffs.

Crawford A. Rose, Jr., Delhi, La., for defendants.

CHRISTENBERRY, District Judge.

This diversity suit was instituted to satisfy damages allegedly arising from an automobile accident that occurred in

Jefferson Parish, Louisiana, on the night of February 11, 1970. The subject of this ruling is a motion brought under rule 12(b) of the Federal Rules of Civil Procedure by State Farm Mutual Automobile Insurance Co., codefendant, to dismiss all claims against said insurance company for want of the jurisdictional amount required by 28 U. S.C. § 1332 (1964).

The facts in this case indicate that plaintiffs Melodie Robison and her minor children, John W. Robison and Tom T. Robison, were guest passengers in a 1967 Chevrolet automobile owned by Edwina Yandle and operated by Mrs. Yandle's husband, William E. Yandle, when the Yandle vehicle was involved in a collision with a 1961 Cadillac automobile owned and operated by codefendant Thomas A. Castello.

Since defendant Castello did not have liability insurance, the plaintiffs have proceeded against him and the insurer of the Yandle vehicle, State Farm Mutual Automobile Insurance Co. (hereinafter called State Farm). There are, however, according to the petition, two State Farm policies under which plaintiffs assert claims: First, there was a liability insurance policy which was issued to Edwina Yandle and which was in effect at the time of the accident. Under the uninsured motorist provisions of this policy, Melodie Robison claims damages jointly against State Farm and Castello in the amount of $50,000. Similarly, her minor children, John W. and Tom T. Robison, each claim damages of $3,000 jointly against State Farm and Castello. Secondly, there was a family automobile insurance policy issued by State Farm to Warren T. Robison which was in effect at the time of the accident, and it is under the medical payments provisions of this policy that he asserts a claim for $5,000.

The plaintiffs are all Illinois citizens and defendant Castello is a Louisiana citizen. State Farm is a foreign corporation licensed to do business in Louisiana.

In moving to dismiss, State Farm contends that since the uninsured motorist coverage of the Yandle policy provides only for payment of up to $5,000 for each person and maximum payment of $10,000 for each accident, the requirement that "the matter in controversy [exceed] the sum or value of $10,000, exclusive of interest and costs * * *" is lacking.

Plaintiffs argue, on the other hand, that the amount in controversy vis-à-vis State Farm is $15,000, a figure apparently reached, according to the petition (paragraph 20), by aggregating the Yandle policy with the medical payments coverage of the Robison policy. Subsequently, in a memorandum of law in opposition to the motion to dismiss, plaintiffs' counsel states that "plaintiffs' claims all arise out of one automobile liability policy." The disposition of this motion, however, is not affected by this discrepancy.

 In order for two or more plaintiffs suing in diversity to aggregate their claims in one suit so as to satisfy the jurisdictional amount requirement, the general rule is that

"the plaintiffs must have 'a common and individual interest,' though it may be separable as between themselves. But where their interests are distinct, and their only relationship is that 'they form a class of parties whose rights or liabilities arose out of the same transaction, or have a relation to a common fund or mass or property sought to be administered, such distinct demands or liabilities cannot be aggregated * * *.' Clay v. Field, 138 U.S. 464, 11 S.Ct. 419, 34 L.Ed. 1044 (1891)."

Eagle Star Insurance Co. v. Maltes, 313 F.2d 778, 780 (5th Cir. 1963); see Pinel v. Pinel, 240 U.S. 594, 596, 36 S.Ct. 416, 60 L.Ed. 817 (1916). It is also settled law that several plaintiffs injured in the same automobile accident have separate and distinct claims with the result that jurisdiction cannot be obtained by the aggregation of their claims. Eagle Star

Insurance Co. v. Maltes, *supra,* 313 F.2d at 779–780; Payne v. State Farm Mutual Automobile Insurance Co., 266 F.2d 63, 65 (5th Cir. 1959).

■ Counsel for plaintiffs argues, however, that the doctrine of pendent jurisdiction should be applied in this case since one plaintiff, Melodie Robison, asserts a claim that meets all requirements of diversity jurisdiction. He argues that to dismiss the three claims that do not fulfill jurisdictional amount requirements would run counter to the liberal intent of the permissive joinder provision of rule 20(a) of the Federal Rules of Civil Procedure and result in a defeat of judicial economy by a similar suit being filed in state court. The Fifth Circuit has not adopted the pendent or ancillary jurisdiction doctrine for such suits as this and the court is not persuaded that such an expansive view of jurisdiction is warranted in a diversity situation. Eagle Star Insurance Co. v. Maltes, *supra,* 313 F.2d at 780; see Alvarez v. Pan American Life Insurance Co., 375 F.2d 992, 996–997 (5th Cir.), cert. denied, 389 U.S. 827, 88 S.Ct. 74, 19 L.Ed.2d 82 (1967).[1]

In Lawes v. Nutter, 292 F.Supp. 890 (S.D.Tex.1968), a district court took the view, which this court feels was proper,

that the doctrine of pendent jurisdiction was not applicable to diversity suits. This conclusion is predicated on a careful study of Hurn v. Oursler, 289 U.S. 238, 53 S.Ct. 586, 77 L.Ed. 1148 (1933), and United Mine Workers of America v. Gibbs, 383 U.S. 715, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966), which illustrate that the discretionary doctrine of pendent jurisdiction should be reserved for cases presenting a substantial federal question along with a non-federal question on the same cause of action between the same parties. The district court in *Lawes* adopted the reasoning of Olivieri v. Adams, 280 F.Supp. 428, 430 (E.D. Pa.1968), where in disallowing pendent jurisdiction in a diversity suit the court stated:

"The reason underlying the doctrine, the special competence of the federal courts to decide federal questions, simply does not exist in diversity cases in which, under Erie R.R. Co. v. Tompkins [304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938)], federal courts are required to apply state law. The cases before us, of course, involve no federal question claims, they present only state law claims."

Accordingly, the absence of the requirements of diversity jurisdiction dictates

---

1. A contrary view has emerged recently in other circuits. *E. g.,* Hatridge v. Aetna Casualty & Surety Co., 415 F.2d 809 (8th Cir. 1969); Stone v. Stone, 405 F.2d 94, 96–99 (4th Cir. 1968); Jacobson v. Atlantic City Hospital, 392 F.2d 149 (3d Cir. 1968); Johns-Manville Sales Corp. v. Chicago Title & Trust Co., 261 F.Supp. 905 (N.D.Ill.1966), noted in 81 Harv.L.Rev. 480 (1967), Wiggs v. City of Tullahoma, 261 F.Supp. 821 (E.D. Tenn.1966).

Not only do these cases deviate from the oft-repeated rule that the diversity jurisdictional grant must be narrowly construed, City of Indianapolis v. Chase National Bank, 314 U.S. 63, 76, 62 S.Ct. 15, 86 L.Ed. 47 (1941), but they also appear to be at variance with the recent decision of Snyder v. Harris, 394 U.S. 332, 89 S.Ct. 1053, 22 L.Ed.2d 319 (1969). In *Snyder,* which dealt with aggregation of claims under amended rule 23, Justice Black stated:

"The traditional judicial interpretation under [the diversity statute] has been from the beginning that the separate and distinct claims of two or more plaintiffs cannot be aggregated in order to satisfy the jurisdictional amount requirement. Aggregation has been permitted only (1) in cases in which a single plaintiff seeks to aggregate two or more of his own claims against a single defendant and (2) in cases in which two or more plaintiffs unite to enforce a single title or right in which they have a common and undivided interest."
394 U.S. at 335, 89 S.Ct. at 1056. Needless to say, the noninclusion of the pendent or ancillary jurisdiction situation as a permissible occasion for aggregation simply further vitiates the doctrine espoused by plaintiffs. See C. Wright, Handbook of the Law of Federal Courts § 36, at 124 (2d ed. 1970).

that the claims of Tom T. Robison, John W. Robison and Warren T. Robison should be dismissed.

█ It is also contended that the claim of Melodie Robison against State Farm must be dismissed since the policy limits of the uninsured motorist provisions of the Yandle policy limit recovery to $10,000. The claim of Melodie Robison for damages in the amount of $50,000 is brought against both Castello and State Farm and thus this aspect of the motion to dismiss depends on the relationship between the insurer and the insured.

The issue was recently ruled on by Judge Rubin in Fulton v. White Cab Co., Inc., 305 F.Supp. 1333 (E.D.La.1969). In that case the general rule was properly set forth as follows:

"Where two or more defendants are joined by the same plaintiff in one suit, the pecuniary test of jurisdiction ordinarily turns on whether the defendants' liability to plaintiff is joint or several. If their liability to plaintiff is joint or integrated, the value of the matters in controversy between them and the plaintiff is the jurisdictional sum."

1 J.Moore, Federal Practice ¶ 0.97 [2], at 886 (2d ed. 1964).

In Fulton, the plaintiff sued for the wrongful death of her husband and joined as defendants the drivers of both automobiles involved, as well as their insurers. The limitation of liability in each policy was less than the jurisdictional amount requirement and the defendant insurance companies moved for dismissal. Based on the Louisiana Direct Action Statute, as interpreted by the state courts, and 28 U.S.C. § 1332(a) (1964), the district court held that the liability of the insured and the insurer was joint and integrated. Aggregation was therefore deemed proper and the motion to dismiss was denied.

As discussed more fully in the Fulton decision, the Fifth Circuit has interpreted the "matter in controversy" aspect of § 1332 for jurisdictional amount purposes as follows: "Claims against two or more defendants can be aggregated for the purpose of attaining the jurisdictional amount, as a general proposition, if they are jointly liable to the plaintiff." Jewell v. Grain Dealers Mutual Insurance Co., 290 F.2d 11, 13 (5th Cir. 1961).

Concerning Louisiana law, Judge Rubin stated:

"The Direct Action Statute, LSA–R.S. 22:655 (Supp.1966), declares the 'action may be brought against the insurer alone or against both the insured and insurer jointly and in solido.' The Louisiana Supreme Court has construed this to impose joint and solidary liability on insurer and insured. See, e. g., Shaw v. New York Fire & Marine Underwriters, Inc., 1968, 252 La. 653, 212 So.2d 416."

Fulton, supra, 305 F.Supp. at 1334. This court adopts the above reasoning and finds that if Castello and State Farm are liable to Melodie Robison, then that liability as between them is joint. The difference of this case factually from the Fulton situation, whereby Castello becomes State Farm's insured via the uninsured motorist provisions of the Yandle policy, does not alter the result. By the terms of the Yandle policy, State Farm undertook to insure an uninsured driver such as Castello in the event of an accident with the Yandle vehicle. The jointness of the liability will be the same here as though State Farm had issued the policy to Castello himself. See, e. g., Hartzog v. Eubanks, 200 So.2d 303, 307–308 (La.App. 1st Cir. 1967).

For these reasons the motion to dismiss is granted as to the claims brought by John W. Robison, Tom T. Robison and Warren T. Robison. As to the claim of Melodie Robison against Castello and State Farm, the motion is denied.