Tawanna M. ROGERS, Plaintiff,

v.

Derrick Tyrone NATHAN, et al., Defendants.

Civ. A. No. 89–2218.

United States District Court, District of Columbia.

Oct. 10, 1989.

---

Nicholas S. Nunzio, Jr., McCarthy, Wilson & Ethridge, Rockville, for defendant Allstate Ins. Co.

Derrick Tyrone Nathan, Lorton, Va., pro se.

Charles Parsons, Reback and Parsons, for plaintiff.

## ORDER

REVERCOMB, District Judge.

This matter is before the Court pursuant to the motion of Defendant Allstate Insurance Company (Allstate) to dismiss Plaintiff's claim against it for lack of subject matter jurisdiction pursuant to Federal Rules of Civil Procedure 12(b)(1), 12(b)(6) and 12(h)(3) and 28 U.S.C. § 1332(a).

The Plaintiff, Tawanna M. Rogers, filed her complaint against Defendants Derrick Tyrone Nathan (Nathan) and Allstate alleging negligence and breach of contract arising out of an automobile accident which occurred within the District of Columbia. In Count I the Plaintiff, a resident of Capitol Heights, Maryland, claims that Nathan, a resident of the District of Columbia Department of Corrections in Lorton, Virginia, was negligent in the operation of an automobile, and as a result thereof, sustained personal injuries and damages of $500,000. In Count II Plaintiff alleges that Nathan was uninsured at the time of the automobile accident and that Plaintiff is entitled to uninsured motorist benefits under her policy of insurance with Allstate, a Delaware corporation with its principal offices located in the State of Illinois. The Plaintiff invokes diversity of citizenship as subject matter jurisdiction pursuant to 28 U.S.C. § 1332(a)(1) and claims that the amount in controversy, exclusive of interests and costs, exceeds $50,000.

Allstate contends that the amount in controversy does not exceed $50,000 because Plaintiff purchased uninsured motorist coverage only to the extent of $20,000. However, Plaintiff is claiming $500,000 in damages against Nathan. In determining whether the amount in controversy is established " '[c]laims against two or more defendants can be aggregated for the purpose of attaining the jurisdictional amount, as a general proposition, if they are jointly liable to the plaintiff.' " *Robison v. Castello*, 331 F.Supp. 667, 670 (E.D.La.1971) (quoting *Jewell v. Grain Dealers Mut. Ins. Co.*, 290 F.2d 11, 13 (5th Cir.1961)). In the instant case, Allstate concedes that it "has an interest mutual with that of the uninsured motorist and becomes therefore a 'privy' of the uninsured" and that its own liability is "dependent upon the liability of an uninsured motorist to the insured." *Nationwide Mut. Ins. Co. v. Webb*, 44 Md. App. 547, 409 A.2d 1127, 1129 (1980), *vacated and remanded on other grounds*, 291

Md. 721, 436 A.2d 465 (1981). Indeed, under MD.ANN.CODE art. 48A, § 541(c), an insured need not bring an action against the uninsured motorist as a condition to recovery from his insurance carrier but can proceed against his insurer in a direct action. *Reese v. States Farm Mut. Auto. Ins. Co.*, 285 Md. 548, 403 A.2d 1229 (1978). Accordingly, the uninsured motorist carrier and tortfeasor are jointly and severally liable. *See Robison v. Castello*, 331 F.Supp. at 670.

■ Allstate's contention that the most that Plaintiff can recover from her claims against both Defendants is $20,000 is simply wrong. The liability limits of Allstate under the policy do not represent the tort damages suffered by the Plaintiff. *See Allstate Ins. Co. v. Miller*, 315 Md. 182, 553 A.2d 1268 (1989) ("the limit of uninsured motorist coverage is irrelevant to the issue of the amount of tort damages"). If Plaintiff can prove Nathan's liability for damages of $500,000 she is entitled to a judgment accordingly. Although as a practical matter the Plaintiff may ultimately have to be content with simply recovering the $20,000 in uninsured motorist benefits, the Plaintiff in the first instance may be able to execute her judgment directly against the assests of Nathan. Accordingly, notwithstanding the $20,000 liability limit for uninsured motorist benefits under the policy, the total damages which Plaintiff claims against the tortfeasor and the uninsured motorist carrier meet the jurisdictional requirements of § 1332. *See Robison v. Castello*, 331 F.Supp. at 670 (although the uninsured motorist policy limited recovery to $10,000 the jurisdictional amount was satisfied where the Plaintiff's claim for damages in the amount of $50,000 was brought against the tortfeasor and the insurer).

It is hereby

ORDERED that Defendant Allstate's Motion to Dismiss is DENIED.