WONDERS TRUST d/b/a Man Made Wonders, Bill Shehan, Plaintiffs,

v.

DEATON, INC., International Transportation Service, Inc., and Shepard Convention Services, Inc., Defendants.

No. 6:00–CV–1029–ORL–22C.

United States District Court, M.D. Florida, Orlando Division.

Sept. 29, 2000.

A. Christopher Kasten, Allen, Dell, Frank & Trinkle, P.A., Tampa, FL, for plaintiff.

Hyman Hillenbrand, DeOrchis, Corsa & Hillenbrand, LLP, Miami, FL, Howard W. Holden, Peterson, Bernard, Vandenberg, Zei,

Geisler & Martin, West Palm Beach, FL, for defendants.

## ORDER

GLAZEBROOK, United States Magistrate Judge.

This cause came on for consideration at a hearing on August 31, 2000 on the following motions:

**MOTION:** DEFENDANT SHEPARD CONVENTION'S MOTION FOR SUMMARY JUDGMENT [Docket No. 72]

**FILED:** July 31, 2000

**DISPOSITION: DENIED** as moot.

**MOTION:** DEFENDANT DEATON, INC.'S MOTION FOR SUMMARY JUDGMENT [Docket No. 78]

**FILED:** July 31, 2000

**DISPOSITION: DENIED** as moot.

**MOTION:** DEFENDANT SHEPARD CONVENTION'S MOTION FOR SANCTIONS FOR FAILURE TO COOPERATE IN DISCOVERY [Docket No. 92]

**FILED:** August 10, 2000

**DISPOSITION: GRANTED.**

## I. *INTRODUCTION AND PROCEDURAL SETTING*

The convoluted history of this action began on June 1, 1999, when plaintiff Wonders Trust filed a seven-count complaint in the United States District Court for the Middle District of Florida (Tampa Division) naming as defendants Deaton, Inc., International Transportation Services, Inc., and Shepard Convention Services, Inc. Docket No. 1. The complaint alleged both diversity and federal-question jurisdiction. Six of the seven counts in the complaint (for breach of contract and bailment) clearly sounded in state law. The remaining count (asserted only against defendants Deaton and International Transportation) was predicated upon 49 U.S.C. § 14706 (regarding liability of, and civil actions against, certain carriers in interstate commerce). The complaint alleged as follows regarding the identity of plaintiff Wonders Trust:

> The Plaintiff is a Kentucky business trust with its principal place of business in Kentucky. The Plaintiff is engaged in the business of creating displays for theme parks and other entertainment entities.

Docket No. 1 at page 1.

On October 7, 1999, after Deaton and Shepard had answered [Docket Nos. 4 and 6], the Court entered a Case Management and Scheduling Order setting the matter for jury trial before the Honorable Richard A. Lazzara, United States District Judge, commencing September 5, 2000, and imposing a discovery cut-off of April 30, 2000. Docket No. 9. On November 9, 1999, Wonders Trust filed a notice informing the Court that the third named defendant. International Transportation Services, Inc., had filed for bankruptcy prior to initiation of this action and was entitled to an automatic stay. Docket No. 11, Wonders Trust promised to serve International Transportation if and when the stay were lifted. International Transportation has never been served, and has neither answered nor otherwise appeared.

On February 25, 2000. Wonders Trust filed an amended motion (the original having been denied on February 18, 200 at Docket No. 16 for failure to comply with Local Rule 3.01(g)) to add trustee Jim Hanson as a party plaintiff. Docket No. 17. In its February 28, 2000 opposition memorandum, Shepard (and, by virtue of its March 1, 2000 joinder at Docket No. 21, Deaton) asserted an argument that it would subsequently reassert numerous times—the legal non-existence of Wonders Trust as a Kentucky business trust. Docket No. 19.

On March 1, 2000, the Clerk filed a notice referring this matter to arbitration. Docket No. 20. On March 24, 2000, Wonders Trust filed a motion to substitute A. Christopher Kasten of the law firm of Allen, Dell, Frank & Trinkle, P.A. as its counsel, and to continue the previously-scheduled trial for three months to allow preparation time for new counsel. Docket No. 37. By order dated March 28, 2000, Judge Lazzara granted this motion as to substitution of counsel only,

denying the request for continuance. Docket No. 40. Two weeks later (on April 6, 2000), Judge Lazzara denied Wonder Trust's renewed motion for continuance. Docket No. 42. By order dated May 2, 2000, Judge Lazzara excused the parties from court-ordered arbitration in favor of mediation. Docket No. 47. On May 3, 2000, Judge Lazzara entered an order requiring the parties to participate in a mediation conference on or before June 28, 2000. Docket No. 51. The mediation (conducted on June 29, 2000) resulted in an impasse. Docket No. 65.

By May 25, 2000, Shepard and Deaton had raised the issue of Wonders Trust's legal non-existence in no fewer than nine motions and memoranda: 1.) Shepard's memorandum in opposition to Wonder Trust's motion to add party plaintiff [Docket No. 19]; 2.) Deaton's joinder in Shepard opposition memorandum in and cross motion for dismissal or summary judgment [Docket No. 21]; 3.) Shepard's motion for leave to amend its affirmative defenses [Docket No. 22] and supporting memorandum [Docket No. 23]; 4.) Shepard's motion to dismiss [Docket No. 24] and supporting memorandum [Docket No. 25]; 5.) Deaton's motion for leave to amend its affirmative defenses [1] [Docket No. 33]; 6.) Shepard's motion to compel Wonders Trust to respond to request for production of documents, or alternatively, to dismiss the action [Docket No. 38]; and 7.) Shepard's motion to compel Wonders Trust to provide better answers to Shepard's interrogatories, or alternatively, to dismiss the action [Docket No. 39].

On May 25, 2000, the Honorable Thomas G. Wilson, United States Magistrate Judge, held a hearing on Shepard's motions to compel at Docket Nos. 38 and 39. Docket No. 57. By order dated May 26, 2000, Judge Wilson granted these motions to the extent of compelling production of documents and better answers to interrogatories, but denied them to the extent that they sought (as alternative relief) dismissal of this action. Docket No. 58. Judge Wilson specified a deadline of June 2, 2000 for the production of documents and June 26, 2000 for the better answers to interrogatories. By order dated June 22, 2000, Judge Lazzara granted Wonders Trust's amended motion to add trustee Jim Hanson as a party plaintiff [Docket No. 17] and Shepard's motion for leave to amend its affirmative defenses [Docket No. 22] and denied without comment Shepard's motion to dismiss [Docket No. 24] and Deaton's cross motion [Docket No. 21] for dismissal or summary judgment. Docket No. 63. By order dated July 12, 2000, Judge Lazzara denied yet another request for continuance of trial [Docket No. 67], but granted Shepard's motion [Docket No. 66] to extend the discovery deadline until August 11, 200 for the sole *purpose of taking the depositions of Robert Patterson and newly-added plaintiff, Jim Hanson.* Docket No. 68.

On July 31, 2000, Shepard and Deaton filed parallel motions for summary judgment. Docket Nos. 72 and 78. Shepard's supporting memorandum once again asserted Wonders Trust's lack of legal existence (and consequent lack of capacity to sue under Fed. R.Civ.P. 17(b)). Docket No. 73. Deaton's supporting memorandum did not raise this argument. Docket No. 79. On August 4, 2000. Wonders Trust filed a motion for protective order [Docket No. 85] and a motion to amend the complaint [Docket No. 86], both of which asserted (and cited as grounds for relief) that Jim Hanson had recently resigned as trustee.[2] Also on August 4, 2000, Wonder Trust's counsel, A. Christopher Kasten II, moved to withdraw, citing "Plaintiff's failure to make payment as agreed, and the undersigned counsel's inability to try the case in September." Docket No. 87. By

---

**1.** Shepard [Docket No. 22] and Deaton [Docket No. 33] both moved (and were ultimately permitted by the Court) to amend their respective affirmative defenses to include an assertion of Wonders Trust's legal non-existence. Although Wonders Trust opposed Shepard's motion [Docket No. 34], it notified the Court that it did not oppose Deaton's [Docket No. 35], which the Court granted on May 3, 2000 as unopposed. Docket No. 48.

**2.** Wonders Trust's motion to amend contains a typographical error in that it requests permission to "amend the Complaint to reflect Bill Hanson as Trustee of Wonders Trust . . . ." Docket No. 86 at page 1 (emphasis supplied). In light of the other references in the motion to Bill Shehan and the resignation letter attached as an exhibit, the Court reads this as reference to Bill Shehan.

order dated August 8, 2000, Judge Lazzara granted Wonders Trust's motions to amend the complaint[3] and for protective order, and denied Kasten's motion to withdraw. Docket No. 89. Judge Lazzara also transferred the case (including all pending motions) to the Orlando Division.

On August 10, 2000, Shepard filed a motion for sanctions for failure to cooperate in discovery that sought (among other sanctions) dismissal of this action. Docket No. 92. On August 31, 2000, the Court held a hearing on this motion, as well as on Kasten's motion for reconsideration [Docket No. 111] of Judge Lazzara's order denying his request to withdraw. Docket No. 119. The hearing was attended by counsel for Wonders Trust and Shepard, but not Deaton.

After hearing argument on the motion for sanctions, the Court advised the parties regarding Local Rule 6.01 and the possibility of consent to proceed before the United States Magistrate Judge. After a brief adjournment to contact counsel for Deaton, the parties advised the Court that they consented to proceed before the magistrate, and executed the appropriate form. Counsel for Shepard signed on behalf of Deaton and with express authorization of counsel for Deaton. The Honorable Anne C. Conway, United States District Judge, then signed an order of reference. Docket No. 120.

The Court then granted as unopposed Kasten's renewed request to withdraw. The Court also granted Shepard's motion for sanctions (a motion in which Deaton joined during the hearing), dismissing the action with prejudice. The Court stated that this written order would follow.

## II. APPLICABLE LAW

### A. Constitutional Basis of Federal Court Jurisdiction

■■■ Article III, Section 2 of the Constitution provides in relevant part as follows:

The judicial Power shall extend to all Cases, in Law and Equity, arising under this Constitution, the Laws of the United States, and Treaties made, or which shall be made, under their Authority;—to all Cases affecting Ambassadors, other public ministers and Consuls;—to all Cases of admiralty and maritime Jurisdiction;—to Controversies to which the United States shall be a Party;—to Controversies between two or more States;—between a State and Citizens of another State;—between Citizens of different States;—between Citizens of the same State claiming Lands under Grants of different States, and between a State, or the Citizens thereof, and foreign States, Citizens or Subjects.

Article III generally requires a federal court to satisfy itself of its jurisdiction over the subject matter before it considers the merits of a case. *Ruhrgas A.G. v. Marathon Oil Company,* 526 U.S. 574, 583, 119 S.Ct. 1563, 143 L.Ed.2d 760 (1999). The court must inquire into its subject-matter jurisdiction on its own initiative. *Ruhrgas,* 526 U.S. at 583, 119 S.Ct. 1563. Subject matter jurisdiction cannot be conferred by the parties' waiver. *In re Pugh,* 158 F.3d 530, 534 (11th Cir. 1998), *citing Insurance Corp. of Ireland v. Compagnie des Bauxites de Guinee,* 456 U.S. 694, 702, 102 S.Ct. 2099, 72 L.Ed.2d 492 (1982).

### B. Diversity Jurisdiction under 28 U.S.C. § 1332

■■■ Section 1332 of Title 28 of the United States Code provides that:

(a) The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between—

(1) citizens of different States;

---

**3.** Although Judge Lazzara granted the motion to amend (which did not attach a proposed amended complaint), Wonders Trust never filed an amended complaint. Instead they signed a Joint Pretrial Statement dated August 10, 2000 [Docket No. 96] that made no mention of either Jim Hanson or Bill Shehan as a party plaintiff. The Court does not read Local Rule 3.06(e) as per-

mitting this omission from the pretrial statement to override the effect of Judge Lazzara's order substituting Bill Shehan for Jim Hanson as a party plaintiff. Therefore, Bill Shehan was, as of the effective date of Shehan for Jim Hanson as a party plaintiff. Therefore, Bill Shehan was, as of the effective date of Judge Lazzara's order, and remains, a party plaintiff.

(2) citizens of a State and citizens or subjects of a foreign state;

(3) citizens of different States and in which citizens or subjects of a foreign state are additional parties; and

(4) a foreign state, defined in section 1603(a) of this title, as plaintiff and citizens of a State or of different States.

The term "citizens or subjects of a foreign state" in section (a)(2) includes foreign corporations. *See, e.g., Bel–Bel International Corporation v. Community Bank of Homestead,* 162 F.3d 1101, 1107 (1998); *Maseda v. Honda Motor Company,* 861 F.2d 1248, 1254 (1988). In an action against multiple unrelated defendants, a plaintiff relying on § 1332 must satisfy the amount-in-controversy requirement with respect to each individual defendant, unless the defendants may be held jointly liable to the plaintiff. *Jewell v. Grain Dealers Mutual Insurance,* 290 F.2d 11, 13 (5th Cir.1961). Where the plaintiff seeks only injunctive and declaratory relief, the amount in controversy is measured by the value of the object of the litigation. *Ericsson GE Mobile Communications, Inc. v. Motorola Communications & Electronics,* 120 F.3d 216, 217 (1997). A reviewing court should not dismiss an action for failure to satisfy the amount-in-controversy requirement unless it appears to a "legal certainty" that plaintiff's claim is actually for less than the jurisdictional amount. *Broughton v. Florida International Underwriters, Inc.,* 139 F.3d 861, 863 (11th Cir.1998).

■■■ The Supreme Court long ago recognized that the trustees of an express trust are entitled to bring diversity actions in their own names and upon the basis of their own citizenship. *Navarro Savings Association v. Lee,* 446 U.S. 458, 462, 100 S.Ct. 1779, 64 L.Ed.2d 425 (1980). A trustee is a real party to the controversy for purposes of diversity jurisdiction[4] when he possesses certain customary powers to hold, manage, and dispose of assets for the benefit of others. *Navarro,* 446 U.S. at 464, 100 S.Ct. 1779. By contrast, unincorporated associations remain mere collections of individuals, each of whose citizenship determines (and potentially defeats) the diversity jurisdiction of a federal court. *See Navarro,* 446 U.S. at 461, 100 S.Ct. 1779; *United Steelworkers of America, AFL–CIO v. Bouligny,* 382 U.S. 145, 86 S.Ct. 272, 15 L.Ed.2d 217 (1965). The mere designation of an entity as a trust rather than an unincorporated association is not controlling for purposes of determining diversity of citizenship. *See Xaros v. U.S. Fidelity and Guaranty Company,* 820 F.2d 1176, 1181 (11th Cir. 1987) (entities describing themselves as trust funds and seeking to predicate diversity jurisdiction on the citizenship of the putative trustee failed to allege facts negating their existence as voluntary unincorporated associations).

### D. *Dismissal of Action as Sanction*

Federal Rules of Civil Procedure 16(f) and 37(b) provide the Court with the power to sanction an offending party and award reasonable expenses under certain circumstances. Fed.R.Civ.P. 16(f) provides, in pertinent part, that:

If a party or party's attorney fails to obey a scheduling or pretrial order, or if no appearance is made on behalf of a party at a scheduling or pretrial conference, or if a party or party's attorney is substantially unprepared to participate in the conference, or if a party or party's attorney fails to participate in good faith, the judge, upon motion or the judge's own initiative, may make such orders with regard thereto as are just, and among others any of the orders provided in Rule 37(b)(2)(B), (C), (D). In lieu of or in addition to any other sanction, the judge shall require the party or the attorney representing the party or both to pay the reasonable expenses incurred because of any noncompliance with this rule, including attorney's fees, unless the judge finds that the noncompliance was substantially justified or that other circumstances make an award of expenses unjust.

4. Fed.R.Civ.P. 17(a) also requires that "[e]very action shall be prosecuted in the name of the real party in interest." Rule 17(a) is roughly symmetrical, but not identical, to the rule that diversity jurisdiction depends upon the citizenship of real parties to the controversy. *Navarro,* 446 U.S. at 462 n. 9, 100 S.Ct. 1779.

Fed.R.Civ.P. 16 (emphasis added). Fed. R.Civ.P. 37(b)(2) provides, in relevant part, that the Court may issue:

> (B) An order refusing to allow the disobedient party to support or oppose designated claims or defenses, or prohibiting that party from introducing designated matters in evidence;

> (C) An order striking out pleadings or parts thereof, or staying further proceedings until the order is obeyed, or dismissing the action or proceeding or any part thereof, or rendering a judgment by default against the disobedient party;

> (D) In lieu of any of the foregoing orders or in addition thereto, an order treating as a contempt of court the failure to obey any orders except an order to submit to a physical or mental examination;

Fed.R.Civ.P. 37(b)(2)(B)–(D).

 A trial court is justified in dismissing an action under Rule 16(f) as a sanction for the conduct of plaintiff or plaintiff's counsel. *See Goforth v. Owens,* 766 F.2d 1533, 1535 (11th Cir.1985). The sanctions contained in Rule 16(f) are designed to punish parties for conduct which unreasonably delays or otherwise interferes with the expeditious management of trial preparation. *See Goforth,* 766 F.2d at 1535. In addition, the district court possesses the inherent power to police its docket. *See Link v. Wabash Railroad Co.,* ·370 U.S. 626, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1962); *Mingo v. Sugar Cane Growers Co-op of Florida,* 864 F.2d 101, 102 (11th Cir.1989). Incident to this power, the judge may impose formal sanctions upon dilatory litigants. *See Mingo,* 864 F.2d at 102. The sanctions imposed can range from a simple reprimand to an order dismissing the action with or without prejudice. *See Mingo,* 864 F.2d at 102.

 Dismissal is warranted only on a clear record of delay or willful contempt. *See Mingo,* 864 F.2d at 102; *Goforth,* 766 F.2d at 1535 (11th Cir.1985). The Court must find that lesser sanctions will not suffice before a party can be penalized for its attorney's misconduct. *See Mingo,* 864 F.2d at 102; *Goforth,* 766 F.2d at 1535 (any order other than dismissal would have "greatly prejudiced" the defendants); *Cohen v. Carnival Cruise Lines, Inc.,* 782 F.2d 923, 925 (11th Cir.1986) (trial court abused discretion by ordering dismissal without considering lesser sanctions). A court should be reluctant to impose the harsh sanction of dismissal with prejudice where the plaintiff is not actually culpable. *See Goforth,* 766 F.2d at 1535; *Rogers v. Kroger Co.,* 669 F.2d 317, 322 (5th Cir.1982). However, where any other sanction would fail to cure the harm that the attorney's misconduct would cause to the defendant, dismissal is appropriate. *See Goforth,* 766 F.2d at 1535.

In *Goforth,* dismissal was appropriate where plaintiff's counsel engaged in a pattern of delay, and deliberately refused to comply with the directions of the court. *See Goforth,* 766 F.2d at 1535 (dismissal with prejudice under Rule 41(b) affirmed). In *Goforth,* plaintiff's counsel failed to submit a preliminary statement as directed, failed to appear for a pretrial conference, and disobeyed the court's instruction to be ready to proceed with trial on a date certain. *See Goforth,* 766 F.2d at 1535. Dismissal was upheld where the record supported an implicit finding that no lesser sanction would have served the interests of justice because the Court would have punished the defendants by granting plaintiff's motion for a continuance. *See Goforth,* 766 F.2d at 1535.·

 In *Mingo,* a pattern of delay and refusal to comply with Court directions, including plaintiff's refusal to submit a preliminary statement and failure to comply with several deadlines, warranted dismissal with prejudice. *See Mingo v. Sugar Cane Growers Co–Op of Florida,* 1989 WL 205633 (S.D.Fla. May 26, 1989), on remand from *Mingo,* 864 F.2d 101, 102 (11th Cir.1989) (remanded for specific findings on whether lesser sanctions would suffice). Lesser sanctions would not serve justice where plaintiff's misconduct not only constituted a clear record of delay, but also a willful disregard of an order.

## III. *APPLICATION AND CONCLUSION*

The precise form in which plaintiff Wonders Trust does business (whether as a business trust, as alleged in the complaint, or

otherwise) may be critical to the existence of subject-matter jurisdiction and to whether plaintiff may assert, and recover on, its claim. Wonders Trust has willfully failed to respond to discovery requests regarding its business form properly propounded by Shepard. Wonders Trust has refused to comply with Judge Wilson's May 26, 2000 order compelling production of such documents and responses to interrogatories. For this reason, counsel for Wonders Trust has withdrawn. Wonders Trust's willful conduct jeopardizes Shepard's ability to defend this action. Standing alone, this prejudice might warrant dismissal under Fed.R.Civ.P. 16(f).

Wonders Trust should not be permitted, through recalcitrance, to prevent this Court from determining its own subject-matter jurisdiction and to force this Court to guess at trial as to whether the plaintiff even exists. Wonders Trust has known since at least February 28, 2000 that its legal existence as a Kentucky business trust was in question. More than six months later, at the August 31, 2000 hearing, counsel for Wonders Trust was still unable to state whether Wonders Trust was in fact a business trust, and was unable to identify the present trustees and beneficiaries. Wonders Trust has failed to provide the Court with adequate copies of the trust documents, providing instead only a cover page captioned "CONTRACT" and a document purporting to be a signature page that, according to the notary attestation on it, was executed in the State of Ohio. Docket No. 34 at Exhibit A.

 At the time of the August 31, 2000 hearing, this matter was the first case on the September 1, 2000 trial term, subject to commencement of trial on twenty-four hour's notice. Docket No. 109. Although the parties and the Court have invested a considerable amount of time in this matter, any verdict would be subject to collateral attack if the case were allowed to proceed to trial. *See American Fire & Casualty Co. v. Finn*, 341 U.S. 6, 71 S.Ct. 534, 95 L.Ed. 702 (1951) (defendant who removed action to federal court and opposed plaintiff's pre-trial motion to remand properly moved after an adverse verdict to vacate the resulting judgment for lack of federal jurisdiction). As a result of Wonders Trust's refusal to comply with the Court's order to compel, the Court is unable to determine whether Wonders Trust's assertion of subject-matter jurisdiction is true, and is unable to determine whether Wonders Trust even exists. On the eve of trial, Wonders Trust is unprepared for trial, and has not retained substitute counsel. The Court has considered lesser sanctions, but they will not suffice. Accordingly, it is

**ORDERED** that Shepard Convention's July 31, 2000 motion for summary judgment [Docket No. 72] is **DENIED as moot.**

**FURTHER ORDERED** that Deaton, Inc.'s July 31, 2000 motion for summary judgment [Docket No. 78] is **DENIED as moot.**

**FURTHER ORDERED** that Shepard Convention's August 10, 2000 motion for sanctions for failure to cooperate in discovery [Docket No. 92] is **GRANTED.** It is

**FURTHER ORDERED** that this matter is **DISMISSED with prejudice.**